## METHVIN v. FIDELITY MUTUAL LIFE ASSOCIATION OF PHILADELPHIA.*

### L. A. No. 720; September 13, 1899.

#### 58 Pac. 387.

**Life Insurance—Delivery—Payment of Premiums.**—A policy dated July 30th, calling for quarterly premiums, provided that it should not be binding until delivered and its first premium paid. It was not delivered, nor the first premium paid, until September 3d, and insured died in November following. Held, that the policy did not begin to run until September 3d, and was in force for three months thereafter, and hence was not forfeited for failure of assured to pay the quarterly premium, which would have been due October 30th, had the policy taken effect on the day of its date.

**Life Insurance.**—Where a Policy Required Proof of Death to be made on blank forms furnished by the company, and declared that no action should be brought on it after one year from the date of insured's death, without reference to the time of furnishing the proofs of the death, such requirements must be construed together, and, if failure to bring the action within one year was occasioned by the company's refusal to furnish the blanks required, it is not entitled to urge the limitation to defeat plaintiff's recovery.

**Life Insurance.**—Where a Policy Declared That Proof of Death should be made on blanks furnished by the company, and that no action should be begun after one year from assured's death, without reference to the time of furnishing such proofs, the words in the limitation clause, "without reference to the time of furnishing proofs of death," refer only to the time when proofs are furnished, and do not apply to a case where the making of proofs of death was prevented by the company's refusal to furnish blanks.

APPEAL from Superior Court, Los Angeles County.

Action by J. M. Methvin against the Fidelity Mutual Life Association of Philadelphia, Pennsylvania. From a judgment in favor of plaintiff and from an order denying a new trial defendant appeals. Affirmed.

R. L. Horton for appellant; McKinley & Graff for respondent.

GAROUTTE, J.—This action is based upon a policy of life insurance. Plaintiff recovered, and the appeal is taken from the judgment and order denying a motion for a new trial.

*For subsequent opinion in bank, see 129 Cal. 251, 61 Pac. 1112.

Had the policy lapsed and become forfeited at the time of the death of the insured? These are the facts: While the policy was dated July 30, 1895, it was not delivered to the insured until the third day of the following September, at which time the first quarterly premium was paid. There is a clause in the policy providing that it would be in no way binding, or of any force or effect, until delivered to the insured and the first quarterly premium paid. It necessarily follows that the contract of insurance went into effect September 3, 1895. A quarterly premium of $24.96 was to be paid for the period of twenty years, on or before the thirtieth day of July, October, June and April of each year. Upon this state of facts, it is manifest that when the insured received his policy and paid his quarterly premium he was insured for three months from September 3d, the date when the policy went into force and effect. The insured died in November, 1895, and we see no reason why his policy of insurance was not alive and in full force at that time.

It is claimed that the policy was forfeited eo instanti upon October 30, 1895, because the second quarterly premium was not paid upon that date. This contention is based upon a clause of the policy which declares that this policy ''shall be ipso facto null and void if premiums are not paid when due.'' The construction of the policy here contended for would recognize and approve a harsh doctrine indeed. It would be carrying the doctrine of forfeiture to unconscionable lengths. By payment of the first quarterly premium, the deceased was insured for three months. This was necessarily the contract between the parties. This clause of forfeiture for nonpayment of premiums was never intended to forfeit the privileges of insurance already paid for. No insurance policy ever attempted to do such a thing. This contention, if sound, would not only result in the forfeiture of present paid-up insurance, but would result in the forfeiture of a portion of the premium already paid. Upon rules of construction even liberal to defendant, it cannot be claimed that the forfeiture clause of the policy for nonpayment of premiums was any more than a forfeiture of the policy to take place upon the expiration of the period during which there existed paid-up insurance. The insured died at a time when the policy was in full force and effect, and, there being no forfeiture at that time, his representative has a good cause of action.

It is now insisted that this action was begun too late. This insistence is based upon the following clause found in the policy: "No suit or action hereon shall be begun or maintained after the expiration of one year from the day of death of the member, without reference to the time of furnishing the proofs of death, and such lapse of time shall be a conclusive bar to any recovery hereon, any statute to the contrary notwithstanding." This action was begun more than one year after the death of the insured. It is now claimed upon the part of plaintiff that this provision was waived by defendant. The policy contained a clause to the effect that the proofs of death and claims required shall be made upon the "blank forms furnished by the association." Another clause provided that the insurance money would be paid "within ninety days after receipt of satisfactory proof of death of said member, and the justness of the claim hereunder, in form required by the said association." Upon the foregoing branch of the case the court found that these blank forms could not be had except from defendant; that in proper time plaintiff requested the defendant to furnish the forms upon which to make proofs of death, etc., but that defendant failed and refused to furnish them; that plaintiff has repeatedly since the death of the insured demanded of defendant such blanks, but has been continually refused and is still refused. The court further found that upon September 21, 1897, plaintiff again demanded of defendant such blanks, but was refused; whereupon plaintiff elected to treat such refusal as a waiver of the right to proofs, and thereupon began this action. Upon the foregoing facts it was held by the trial court that the clause of the policy requiring the action to be begun within one year from death was waived. By one provision of the contract of insurance, plaintiff could not bring his action until ninety days after proof of death. By another clause of the contract of insurance, blanks for this proof of death, and the form of the proof, could only be furnished by defendant. By another clause, plaintiff was bound to bring suit within one year from the death of the insured. This last clause of the contract has no superiority or ruling force over other provisions. They must all be considered together. If plaintiff could not bring his action until proofs of death were furnished defendant, and defendant prevented him from furnishing such proofs, then, clearly, a failure to

bring the action within one year was occasioned by defendant's fault rather than plaintiff's, and such failure cannot be urged by defendant to defeat plaintiff's cause of action.

Defendant attaches much importance to the phrase in this limitation clause to the effect, "without reference to the time of furnishing the proofs of death." These words do not deny the conclusion reached. They refer only to the time when the proofs are furnished, and not to a total absence of proofs, as we have in this case. The general principles here involved are fully covered by Case v. Insurance Co., 83 Cal. 473, 8 L. R. A. 48, 23 Pac. 534. For the foregoing reasons the judgment and order are affirmed.

We concur: Van Dyke, J.; Harrison, J.