## 136. MUTUAL LIFE INSURANCE COMPANY *v.* STEGALL.

1. A petition brought to recover on a policy of life-insurance, which shows, on its face and by its exhibits, that the policy was issued and bore date August 30, 1904; that the first premium was paid; that the condition of liability to pay the amount named in the policy was that annual premiums of a named amount should be paid in advance on August 30 in each year thereafter; that the insured did not accept the policy nor pay the first premium thereon until November 19, 1904; that no premium was thereafter paid, and that the insured died October 29, 1905, as against a general demurrer on that ground, sets out no cause of action.

2. The contention that, under a policy such as above described, payment of the first premium and acceptance of the policy, November 19, 1904, had the effect of continuing the policy in force for one year from that date, is unsound as a matter of law.

3. A stipulation in a written application for a policy of life-insurance, to the effect that the contract to be issued thereunder shall not take effect until the first premium is paid, is one for the benefit of the insurer; and when in response to such application the insurer accepts the same, and in due course issues a policy of which such application becomes a part, with conditions as above set out, and the insured afterwards accepts the policy and pays the first premium thereon, he must, in order to keep the policy in force, comply with its terms as to future payments of premiums.

Action on insurance policy, from city court of Bainbridge—Judge Harrell. March 13, 1906.

Argued February 25,—Decided April 20, 1907. Judge Littlejohn, of the Southwestern circuit, Judge Roan, of the Stone Mountain circuit, and Judge Hammond of the Augusta circuit were designated to preside instead of the Judges of this court, who were disqualified.

*James H. Gilbert, Pottle & Glessner,* for plaintiff in error.

*A. E. Thornton, Russell & Hawes,* contra.

LITTLEJOHN, J.  The issues submitted for our consideration were raised by the refusal of the trial judge to sustain certain demurrers filed by the Mutual Life Insurance Company to a petition which Mrs. Claude Stegall filed in the city court of Bainbridge, seeking a recovery, in the aggregate of five thousand dollars, on two policies of life-insurance which the insurance company had theretofore issued on the life of her deceased husband, M. J. C. Stegall, and in each of which she was named as the sole beneficiary.  There was a general demurrer that no cause of action was set out, and there were special demurrers to the alleged infirmities in particular paragraphs of the petition.  As, however, we dispose of the case made by the petition, on its merits, under the general demurrer, adversely to the contention of the plaintiff in the court below, it is not necessary that the grounds of special demurrer shall be considered or passed on.  So far as it is necessary to determine the legal questions involved, the case made by the petition will appear in the following statement, which is compiled from the petition and the exhibits which were made a part thereof:  On August 1, 1904, Martin J. Crawford Stegall made application to the Mutual Life Insurance Company of New York, for the issuance of two policies on his life, one for $3,000 and the other for $2,000, containing, among other things, the clause, "which [contract] I hereby agree to and accept, and which shall not take effect until the first premium shall have been paid during my continuance in good health and the policy shall have been signed by the secretary of the company and issued."  On this application the policies were issued, duly executed, and bore date August 30, 1904.  The body of each of the policies contains a promise to pay the plaintiff below, if living, etc., $3,000 under one of said policies, $2,000 under the other, upon acceptance of satisfactory proofs of the death of Martin J. Crawford Stegall "during the continuance of this policy, upon the following condition, and subject to the provisions, requirements, and benefits stated on the back of this policy, which are hereby referred to and made a part hereof:  The annual premium [stating the amount] shall be paid in advance on the delivery of this policy, and thereafter to the company at its head office in the city of New York on the thirtieth day of August in every year during the continuance of this contract.  The receipt of the first payment of premium

hereon is acknowledged." Among the provisions on the back of each policy is the following: "Notice. No person, except an executive officer of the company or its secretary at the head office in New York, has the power on behalf of the company to make, modify, or alter this contract, to extend the time for paying a premium, to bind the company by making any promise or by accepting any representation or information not contained in the application for this contract."

.Touching the payment of premiums on these policies, the petition alleges that "on November 19, 1904, petitioner's husband [M. J. C. Stegall, the insured] paid the premium on said policies to T. E. Morgan, defendant's agent who received said application, by executing and delivering to said agent his two promissory notes, both dated November 19, 1904 [for the stipulated yearly premiums], said Martin J. Crawford Stegall being at the time in good health, said notes paying the premiums on said policies for one year from the date of their execution and delivery;" and that, "upon the execution and delivery of the said two notes, said policies of insurance were delivered to the said Martin J. Crawford Stegall, and from that date were effective." The petition alleges further, that on October 29, 1905, "during the continuance of said policies," the plaintiff's husband, Martin J. Crawford Stegall, was shot and killed. The further allegations are made that proofs of death were duly made, and that the insurance company denied its liability and refused to pay.

In support of the judgment rendered in the court below, counsel for the defendant in error insist, as a matter of law, that notwithstanding the policies of insurance bear date August 30, 1904, and provide that the annual premium to continue the policies in force shall be paid on August 30 in each year, yet, as the policies provide that they shall not become effective until the payment of the first premium and the delivery of the policies thereunder, it follows, that, inasmuch as the premiums were not paid on the policies nor those writings delivered until November 19, 1904, the policies became effective on that day; that the date in the polices, by consent of parties, was changed to the day of payment and delivery of the policies, and, the premiums paying for insurance by the year, such payment held the policies in force until November 19, 1905, and the insured having died on October 29, 1905, the

beneficiary, by her petition, shows a right of recovery. We find one fatal defect in this line of reasoning. It is not in accord with the letter or the spirit of the policies. To maintain the right of recovery under the allegations of the petition, life-insurance must primarily be treated as a subject of bargain and sale; as such it is frequently referred to; yet it is not a chattel; it is not merchandise; its object bears no relation to ordinary instances of bargain and sale where the purchaser parts with his money for its equivalent in a material thing of intrinsic value to him; and if it be a subject of bargain and sale at all, it is only so in a qualified and limited sense. For ourselves we prefer to treat life insurance from the standpoint of our Civil Code, §2114, as a contract by which the insurer, for a stipulated sum, engages to pay a certain amount of money if another dies within the time limited by the policy. As a contract, all of its material terms and conditions must be observed and complied with, either to create a right or a liability. Not only is it a contract, but, to be a valid one, it must be in writing. Civil Code, §§2117, 2089. Hence the terms and conditions of it are fixed and easily ascertainable.

A policy of life-insurance (in this case at least) is not the whole contract. The insured made an application in writing for the two policies which were issued. That and the policies issued constituted the contract. The contract on which the plaintiff sues, and only on the terms of which she, in any event, can recover, contains a broad stipulation in the shape of a notice that only an executive officer or its secretary at its head office in New York has the power to modify or alter the contract, or to extend the time of paying the premium, or to bind the company by making any promises. No allegation is made that any change of the kind indicated was had; consequently the rights of the parties are to be fixed by the original written contract. This (and both parties to the suit are equally bound by it) makes a condition precedent to the liability to pay on the death of the insured, that the annual premiums shall be paid in advance on delivery of the policy, and thereafter on the thirtieth day of August in every year during the continuance of the contract. Certainly the contemplation of the parties was that the policies for which the insured applied should have a date from which the insurance should commence. None was fixed in the application, except that the company was asked

to issue the policies and the insured agreed to accept them when issued.   The application was made on August 1; thirty days afterwards the policies were issued in New York, and bore date August 30, 1904, and carried insurance on the life of Stegall from that date, thus making the year of insurance end on August 30, 1905. It is true that the insured did not receive the policies until November 19, 1904, and it is equally true that the company was not bound, under the terms of the. contract, until he had paid the premium and received the policies.   He asked for the insurance on August 1, and agreed to accept the policies and pay the premiums when issued; the company accepted his application and furnished the contracts on August 30; he did not then receive them, but let them lie dormant until November 19; he then paid for them and accepted the policies as they stood, carrying insurance back from August 30, and stipulating that, to keep the policies in force, the next annual premium must be paid August 30, 1905. He asked for no .change, none was made; he knew what he received.   His beneficiary stands to-day, on the contracts containing these stipulations.   Nothing can be clearer to our minds than that on failure ·to pay the annual premiums provided for, on August 30, 1905, the policies lapsed, and were not in force at the time of the death of the insured, October .29, 1905.   Under our positive law in relation to life-insurance, a policy runs from midday of the date of the policy, and the time must be estimated accordingly if a policy is limited to a specified number of years. Civil Code, § 2119.

We were referred to a decision in the case of Methvin v. Fidelity Mutual Life Insurance Association, 58 Pac. 387, as an authority to sustain the judgment of the court below.   That decision, however, was not final, a rehearing being granted, on which the three justices who in department had rendered the decision joined with the other members of the court, in bank, in a unanimous decision which is in full accord with what we now decide. 129 Cal. 251 (61 Pac. 1112).   In that case the policy was dated July 30, 1895, and called for quarterly premiums, beginning on that date, and provided that it should not be binding until delivered and the first premium paid, and on failure to pay any premium when due the policy should, be "ipso facto null and void." The policy was not delivered nor the first premium paid until September 3; the in-

sured died after October 30, 1895, without paying the second quarterly premium. The holding of the Supreme Court of California is that the policy became void prior to the death of the insured, since the second quarterly premium became due October 30, 1895.

The court erred in overruling the general demurrer.

*Judgment reversed.*