PRUDENTIAL INS. CO. OF AMERICA v. STEWART.

(Circuit Court of Appeals, Ninth Circuit. November 13, 1916.)

No. 2834.

INSURANCE ⊂⟩186(2)—LIFE INSURANCE—POLICY—CONSTRUCTION.

An application for a life policy was made on February 2d, and bore date February 19th, but was not delivered until April 15th, when the first premium was paid. The application declared that the policy should not take effect until it should be issued and delivered and the first premium paid. Another provision of the policy, under the heading "Premium," declared that the premium was payable on delivery of the policy and thereafter quarter-annually, or as provided under the heading "Provisions," on or before the 19th day of February, May, August, and November. The policy declared that in payment of any premium save the first a grace of one month would be allowed during which time the policy would remain in force. Insured died in July within the period of grace if the three months' period be reckoned from the date of the delivery of the policy and the payment of the first premium. *Held*, that as the language of a policy is to be construed most favorably to the insured, and as there were two possible interpretations, the date of the payment of the first premium will be deemed as marking the date on which the policy became effective and premiums became due, to avoid a forfeiture.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 396; Dec. Dig. ⊂⟩186(2).]

---

⊂⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by Ada T. Stewart against the Prudential Insurance Company of America, a corporation. There was a judgment for plaintiff, and defendant brings error. Affirmed.

S. A. Keenan, of Seattle, Wash., for plaintiff in error.

S. Warburton and Boyle, Brockway & Boyle, all of Tacoma, Wash. for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. This was an action to recover on a life insurance policy. The application for insurance was made on February 2, 1915. The policy was issued and bore date February 19, 1915, but it was not delivered until April 15, 1915, and on that date the first premium was paid. The application contained the provision:

"That said policy shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full."

The policy contained the following:

"Premium.—Twelve and $^{70}/_{100}$ dollars, payable on the delivery of this policy and thereafter quarter-annually at the home office of the company."

It contained a provision that in the payment of any premium under the policy except the first a grace of one month, without interest, would be allowed during which time the policy would remain in force. The insured died on July 19, 1915, and within the period of grace after the expiration of three months, if the three months are to be reckoned from the date of the delivery of the policy and the payment of the first premium. By the terms of the contract, as above stated, therefore the policy was still in existence at the time of the death of the insured, and the plaintiff was entitled to recover unless the date of the payment of the second premium was fixed at an earlier date by a certain other provision of the policy. That provision follows the clause above quoted, so that the whole provision is as follows:

"Twelve and $^{70}/_{100}$ dollars, payable on the delivery of this policy and thereafter quarter-annually at the home office of the company, or as provided under the heading 'Provisions' on the second page hereof, in exchange for the company's receipt on or before the nineteenth day of February, May, August and November in every year during the continuance of this policy."

It is the contention of the plaintiff in error that the clause beginning with the word "or" is controlling, that although the policy was not delivered until April 15, 1915, and did not take effect until that day, the second quarterly payment of premium became due on the 19th day of May, and, not having been paid, the policy lapsed on June 19th. In McMaster v. New York Life Ins. Co., 183 U. S. 25, 22 Sup. Ct. 10, 46 L. Ed. 64, the court said:

"We are dealing purely with the question of forfeiture, and the rule is that, if policies of insurance contain inconsistent provisions or are so framed as to be fairly open to construction, that view should be adopted, if possible, which will sustain, rather than forfeit, the contract."

In Thompson v. Phenix Ins. Co., 136 U. S. 287, 292, 10 Sup. Ct. 1019, 1023 (34 L. Ed. 408), the court said:

"If a policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured. This rule, recognized in all the authorities, is a just one, because those instruments are drawn by the company."

The contract of insurance in the present case contained, as we have seen, two inconsistent provisions; one that the policy took effect only upon the issuance and delivery thereof and the premium was to be payable on such delivery, and thereafter quarter-annually; the other that the premiums were to be paid on the 19th day of February, May, August, and November in each year. The contract was fairly susceptible of two different constructions. This court would not be justified in ruling that the insured had not the right to assume that the first provision was controlling. He had stipulated in his application that the insurance was to take effect from the date of the delivery of the policy, and he may have assumed—and it is not an unreasonable assumption—that the second provision in regard to the date of payment, which begins with the word "or," was intended to present an alternative, and to give him the option to decide whether he would pay in accordance with the terms of the first provision or those of the second. The construction which the plaintiff in error contends for would require the assured to ignore a plain provision of the contract and to pay a premium for insurance which he never received. We think the court below committed no error in ruling that the policy was still in force at the date of the death of the insured. Decisions construing policies of a similar nature favorably to the insured are Stinchcombe v. New York Life Ins. Co., 46 Or. 316, 80 Pac. 213; Stramback v. Fidelity Mut. Life Ins. Co., 94 Minn. 281, 102 N. W. 731; Cilek v. New York Life Ins. Co., 97 Neb. 56, 149 N. W. 49, 1071; Halsey v. American Central Life Ins. Co., 258 Mo. 659, 167 S. W. 951.

The plaintiff in error relies upon decisions such as McConnell v. Provident Savings Life Assur. Soc., 92 Fed. 769, 34 C. C. A. 663. But in that case the policy did not take effect upon delivery, and by the express terms of the policy the dates for the payment of subsequent premiums were fixed with reference to the date of the policy, and there was no ambiguity in the terms of the policy. The other cases cited are similar to the case just noted, with the exception of Mutual Life Ins. Co. v. Stegall, 1 Ga. App. 611, 58 S. E. 79. In that case the policy, dated August 30, 1904, contained the provision that annual premiums should be paid in advance on August 30th and on that date each year thereafter. The insured did not accept the policy until November 19, 1904. He died in October the following year. In that case, as in this, it was stipulated that the policy should not become effective until its delivery and the payment of the first premium, but it differed from the policy in the case at bar in that it contained no provision that the succeeding annual premiums should be payable annually thereafter. The court held that the policy became void for the failure of the insured to pay the second annual premium on August 30, 1905. That conclusion seems to have been influenced by the statute of the state

which provided that a policy of life insurance "runs from midday of the date of the policy and the time must be estimated accordingly, if the policy is limited to a specified number of years." The state statute and the difference in the terms of the policies renders the decision inapplicable here.

It would have been a very easy matter for the plaintiff in error to prepare a policy which was not ambiguous. If it intended not to be bound by the provision that the policy took effect on delivery and that the premiums were payable quarterly yearly thereafter, it should have made known its intention in plain words. We think the court below committed no error in directing the jury to return a verdict for the defendant in error.

The judgment is affirmed.