### ROLERSON v. STANDARD LIFE INS. CO. (No. 2633.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 2, 1922.)

**1. Insurance ☚349(1)—Policy contract as to date of payment of annual premiums controls.**

Where a life insurance policy stipulated that the annual premium was payable on delivery of the policy, and on October 3 of each year thereafter, that stipulation controlled, and payment of the first annual premium on delivery of the policy November 6, 1919, did not hold the policy in force until November 6, 1920, and 30 days thereafter, and where insured died November 27, 1920, without having paid the second premium, the policy was not in force at the time of her death.

**2. Insurance ☚186(2)—Policy provisions as to date of payment of "annual premiums" not inconsistent; "annual."**

"Annual" means yearly or once a year, but does not signify what time in the year, and where a life insurance policy provided there was to be an annual premium paid until 10 annual premiums were paid, that was not inconsistent with the provision that one of the annual payments should be made on delivery of the policy and the recurring premiums on October 3 in each year; the words "annual premiums" as used in the policy having reference to the rate at which the premium was to be computed, and not to the specific date of the year.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Annual.]

Appeal from Lamar County Court; W. L. Hutchinson, Judge.

Action by Bill Rolerson against the Standard Life Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The appellant brought the suit to recover on a policy of life insurance issued by it on the life of Alice Rolerson in the sum of $500. The petition alleged that Alice Rolerson died November 27, 1920, and that all premiums due upon the policy had been paid, and that Alice Rolerson had in all respects complied with the conditions and provisions of the policy; that proofs of death had been made; that the appellee had refused payment as demanded; that the appellant had been compelled to institute suit and employ an attorney, and prayed for attorney's fees and penalty. The appellee pleaded as a defense that the policy of insurance had lapsed and become of no effect before the death of Alice Rolerson, because of the failure to pay the annual premium which was due on October 3, 1920, or within one month after that date, as specially provided in the policy. The case was tried before the court without a jury. A judgment was entered in favor of the defendant in the suit, and the plaintiff appeals.

The evidence shows that Alice Rolerson made application for a policy of life insurance on September 24, 1919, and the application was approved by the company and the policy issued on October 3, 1919. The application for the policy stated that the plan of the policy should be a 20-year pay policy. Afterwards, on November 6, 1919, the application was amended so as to change the policy from a 20-year to a 10-year endowment plan. The amended application was attached to the policy, and the policy was then delivered to Alice Rolerson by the agent of the appellee on November 6, 1919. The policy was not delivered to Alice Rolerson before the date of November 6, 1919. On November 6, 1919, the date of delivery of the policy, Alice Rolerson paid in full the first premium for the policy of insurance sued on. The insurance agent gave her a written receipt for the premium. The receipt bears date, though, of October 3, 1919. No other or further premium was ever paid on the policy. Alice Rolerson died on November 27, 1920. Proof of death was made in accordance with the terms of the policy, and demand was made for the payment of the amount of the policy, which the insurance company refused to pay. The application for the policy provided that no obligation shall be created by reason thereof, as against the company until the authorized officers have duly accepted and approved the application and the policy has been issued thereon, the first premium fully paid, and the policy delivered to and received by the insured during her lifetime and in good health. The medical examiner's report bears date October 7, 1919. The material portions of the policy of insurance are as follows:

Standard Life Insurance Company promises to pay the sum of five hundred dollars, at its home office, in Atlanta, Georgia, to Alice Rolerson herein called the insured, on the third day of October, nineteen hundred and twenty-nine, if the insured be then living, or upon receipt at said home office of due proof of the prior death of the insured, during the continuance of this contract, to Bill Rolerson, husband of the insured, the beneficiary.

"The consideration for the above promise is the application therefor of the insured, a copy of which is attached hereto and made a part

hereof, and the annual premium of $49.70, payable on delivery hereof and on the 3d day of October in each and every year at the company's home office or to an authorized agent, in exchange for receipts signed by the president or secretary, until ten full annual payments have been made, or until the prior death of the insured. This policy will not take effect unless the first premium or an agreed installment thereof shall have been paid during the lifetime of the insured.

"The company will accept in lieu of the annual payment, semiannual payments of $25.85, each, to be paid on or before the third day of October and April, or quarterly payments of $13.20, each, on or before the third day of October, January, April and July in each year.

"Incontestability.—This policy shall be incontestable after two years from its date of issue, except for nonpayment of premium and for violation of the conditions relating to military or naval service in time of war.

"Age.—If the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age.

"Premiums.—All premiums hereunder are payable in advance.

"This policy is issued and accepted subject to all conditions, benefits and privileges contained on the subsequent pages, which are made a part hereof, and together with the application, a copy of which is attached hereto, constitutes the entire contract between the parties hereto.

"In witness whereof, the company has caused this policy to be executed at Atlanta, Georgia, this 4th day of October, 1919.

                    "Herman E. Perry, President.
"Ex. by ——.
"Ok. by ——.
"Premiums payable for 10 years.    Endowment policy.
"Nonparticipating.    Edition Sept. 1919.
"Conditions, Benefits and Privileges.    (Referred to on the first page and made a part of the policy.)
"Grace in Payment of Premiums.—A grace of one month (not less than thirty days) will be allowed in the payment of premiums, after the first, subject to an interest charge at the rate of six per cent. per annum, and during such grace the policy will remain in full force.

"Nonpayment of Premiums.—Failure to pay any premium or any note or interest thereon, given for any premium or extension of any premium in full within the period allowed for said payment by the policy or note, shall cause the insurance thereunder to cease and determine ipso facto immediately save as herein otherwise specifically provided."

A. P. Park, of Paris, for appellant.
Moore & Hardison, of Paris, for appellee.

LEVY, J. (after stating the facts as above). [1] The assignment of error is in effect that the uncontroverted evidence entitled the appellant to recover, and that the court erred in refusing him a judgment for the amount of the policy, interest, penalty, and attorney's fees. The sole question for determination is whether the policy was in force at the time of the death of the insured. The appellant contends that the policy was in force and collectible because under the policy the payment of the first premium on November 6, 1919, the date the policy was delivered to the insured, held the policy in force until November 6, 1920, with a grace of 30 days allowed by the terms of the policy, making the final day of expiration on December 6, 1920. The contention is based upon the insistence that the policy should be construed, as against a plea of forfeiture of the insurance, as providing for each annual payment of premiums to date from the day of actual delivery of the policy rather than the date specified in the policy. It is true that the policy here in suit is conditioned to take effect on the payment "of the first premium or an agreed installment thereof." But the policy further specifies the date from which the premium period is to be computed, and makes that date the day on which the recurring premiums are due and payable. There is expressly stipulated in the policy the following:

"The annual premium of $49.70 payable on delivery hereof (i. e. the policy) and on the 3d day of October in each and every year at the company's home office until 10 full annual payments have been made, or until the prior death of the insured."

[2] Having agreed, then, as the policy evidences, as to the date of the second and recurring premium payments, such agreed date of payment must control and be binding on the parties here, even though this fixed the date less than a year after the actual delivery of the policy. It is an express contract, effective between the parties in the absence of fraud or mistake. And neither do we think that the insurance contract contains inconsistent provisions. The provision that there was to be an "annual premium of $49.70" paid "until 10 full annual premiums have been made" is not at all inconsistent with the provision that one of the annual payments should be made on the delivery of the policy and the recurring premiums "on the 3d day of October in each year." The word "annual" means "yearly" or "once in a year." But the word "annual" does not signify what time in a year. The words "annual premiums," as used in the policy, then, has reference to the rate at which the premiums were to be computed, and not to the specific date of the year. Evidently the clause in the policy fixing the "3d day of October in each and every year" as the time of paying the second and recurring premiums was intended to make definite and particular the time in each year when the "annual" payments were to be made. If no date had been expressly specified in the policy for the payment of the second and recurring premiums, then the premium period would probably be computed from the date of the actual de-

livery, instead of the date of the policy, upon the ground that the policy is conditioned to take effect on the payment of the first premium, and the second and recurring premiums are to be paid "annually." It is believed that the insurance had terminated by its terms at the time of the death of the insured. Methvin v. Life Ass'n, 129 Cal. 251, 61 Pac. 1112; Life Ins. Co. v. Stegall, 1 Ga. App. 611, 58 S. E. 79.

The question here is annotated at length in 6 A. L. R., under case of Wilkinson v. Ins. Co., page 769.

Judgment affirmed.