**JEFFERSON STANDARD LIFE INS. CO. v. BAKER et al. (No. 9039.)\***

(Court of Civil Appeals of Texas. Dallas. March 1, 1924. Rehearing Denied March 29, 1924.)

1. **Insurance ⬉146(3)—As to ambiguous policy, view sustaining contract should be adopted.**

If policies contain inconsistent provisions or are so framed as to be fairly open to construction, that view should be adopted, if possible, which will sustain rather than forfeit the contract.

2. **Insurance ⬉151(1)—Conditional receipt issued by insurer prior to delivery of policy but not incorporated therein held not part of policy.**

Where a conditional receipt issued by insurer prior to delivery of policy was not incor-

porated in the policy so as to become a part of it, it could not be construed in connection with the policy, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4953, and a policy provision that the policy and attached papers constituted the entire contract.

3. **Insurance ⬉349(1)—Anniversary date of contract of insurance held date of delivery, as respects beginning of 30 days' grace period; "anniversary hereof;" "from now;" "from henceforth;" "anniversary."**

Where a policy did not by its terms become effective until approved by the final medical examination of insurer's medical director at its home office, and delivered to and received by the insured during his lifetime in good health, the "anniversary" of the policy was on the date of its delivery as respects computation of 30 days of grace period; the words "anniversary hereof" meaning "annually from now" or "annually from henceforth," and "from now" or "from henceforth" referring, not to a time prior to the birth of the instrument, but to the time from its delivery, or at least from a date not before the time it came into existence.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by Fannie Lee Baker and others against the Jefferson Standard Life Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Head, Dillard, Smith, Maxey & Head, of Sherman, for appellant.

Webb & Webb, of Sherman, for appellees.

VAUGHAN, J. This was an action on a life insurance policy. The application was made on the 15th day of September, 1920, at Gunter, Grayson county, Tex., by Thee Zack Baker, through C. E. Brown, agent of appellant, for insurance on his life in the sum of $2,500 for the benefit of his mother, Fannie Lee Baker, and paid thereon the sum of $73 as the first annual premium in the event his application should be accepted and policy issued. The principal and home office of appellant was at Greensboro, N. C. Thee Zack Baker was examined at Gunter, Tex., by one of appellant's field physicians. The report of said examination was turned over to the said C. E. Brown, and by him mailed, together with said application, on the 16th day of September, 1920, or some day thereafter, to the home office of appellant. Some time thereafter, and prior to the 2d day of October, 1920, appellant's medical board, at its home office, examined said report and approved the same for insurance. Between the date of September 23 and October 2, 1920, appellant made out the policy of insurance sued on, and forwarded it to the said agent Brown at Gunter, Tex., and was received by him on the 2d day of October, 1920, and on that day handed to the said Thee Zack Baker, who returned the

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused May 7, 1924.

policy to the said Brown at once, requesting him to place it in the bank at Gunter, where it was found after his death. No second annual premium was paid. Thee Zack Baker died on the 19th day of October, 1921.

The policy sued on contained photographic copies of said application and medical·report. The application contained the following:

"That the company shall incur no liability under this application (unless properly executed conditional receipt bearing the same number as this application has been delivered to me, and then only subject to its provisions), unless and until (a) it has been received and approved; (b) the policy issued and actually delivered; (c) the premium has been actually paid to and accepted by the company or its authorized agent, all during my lifetime and while I am in good health."

The policy contained the following:

"This policy and the application therefor, or parts 1 and 2, copies of which are attached hereto, constitute the entire contract, and no statement shall void any payment under this policy or be used in defense of any claim hereunder unless it is contained in one of these instruments."

The latter clause meant the policy application and medical examination and photographic copies as attached to and made a part of said policy and so designated as parts 1 and 2. The first clause above set out was the part No. 1 referred to in the last clause set out. No such executed conditional receipt bearing the same number as the said application was attached to and made a part of the policy or of parts 1 and 2 of the attached copy of said application. Further, no such conditional receipt or copy of same was attached to or made a part of the policy issued.

Appellees allege that the policy contract was not binding upon appellant, and was not in fact executed until the said application was received and approved, which was on or after the 23d day of September, and prior to the 2d day of October, 1920, and not until the policy was issued and actually delivered to the said Thee Zack Baker on the 2d day of October, 1920, and that the anniversary of the policy was on the date of the delivery of same, to wit, October 2, 1920; and, in the alternative, if mistaken in this date, then a date previous thereto and not before the 23d day of September, 1920, the earliest date on which the policy could possibly have been issued. And, further, that Thee Zack Baker paid the first premium of $73 before the policy was delivered to him, and that according to its provisions a second annual premium was not due until 30 days after the anniversary of the policy, which was the 2d day of October, 1920, or at some prior date not earlier than the 23d day of September, 1920; that 30 days after the anniversary of the policy was the 2d day of November, 1921; and that according to the terms of the policy appellant insured the life of Thee Zack Baker for 1 full year and 30 days thereafter, which expired not earlier than the 23d day of October, 1921, and that on the 19th day of October, 1921, while said policy was in full force and effect, Thee Zack Baker died.

It is the contention of appellant that because the date of the application for the policy was the 15th day of September, 1920, the date the policy bore, and which was accepted and retained by Thee Zack Baker until his death, there being no proof of any fraud or mistake as to the date of the poli.cy, the 15th day of September was the anniversary of the policy, therefore the second premium fell due on the 15th day of October, 1921, and, as the premium was not then paid, and never was paid, the policy forthwith lapsed.

This involves the only questions necessary to be discussed in order to dispose of this appeal, to wit, were appellees estopped to question the date borne by the policy of insurance, September 15th, 1920, as the true date because same was received with that date by Thee Zack Baker and retained by him until his death without objection being made thereto? Did the word "anniversary" as used in said policy, viz., "and of the payment of a like sum each year on each anniversary hereof until twenty full years have been paid," have reference to and mean the date borne by said policy, to wit, the 15th day of September, or to the recurrence of the date on which said policy took effect through the issuance and delivery of same to Thee Zack Baker during his lifetime and while in good health?

[1] To sustain appellant's contention on either of said questions would be to defeat appellees' cause of action purely on the ground of forfeiture, which is by no means looked upon with favor by the courts. The rule being that "if policies of insurance contain inconsistent provisions or are so framed as to be fairly open to construction, that view should be adopted, if possible, which will sustain, rather than forfeit, the contract." Prudential Ins. Co. of Am. v. Stewart, 237 Fed. 70, 150 C. C. A. 272, 6 A. L. R. 766; McMasters v. N. Y. Life Ins. Co., 183 U. S. 25, 22 Sup. Ct. 10, 46 L. Ed. 64.

The Supreme Court in the case of U. S. v. Le Baron, 19 How. 73, 15 L. Ed. 525, said:

"It was resolved, that 'from henceforth' should be counted from the day of delivery of the indentures, and not from the day of their date; for the words of an indenture are not of any effect until delivery."

In the case of Rolerson v. Standard Life Ins. Co. (Tex. Civ. App.) 244 S. W. 845, in a well-considered opinion the court, in pass-

ing upon the instrument there involved, used the following language:

"Evidently the clause in the policy fixing the '3d day of October in each and every year' as the time of paying the second and recurring premiums was intended to make definite and particular the time in each year when the 'annual' payments were to be made. If no date had been expressly specified in the policy for the payment of the second and recurring premiums, then the premium period would probably be computed from the date of the actual delivery, instead of the date of the policy."

In the case of Landrigan v. Mo. State Life Ins. Co., 211 Mo. App. 89, 245 S. W. 382, the court holds:

That "where a life insurance policy taking effect on delivery, which was sometime subsequent to the date of the policy, provided thirty one days of grace for the payment of a premium, the days of grace are to be counted from the expiration of one year from the delivery of the policy, not from the date the premium was payable under the terms of the policy, which was one year after the date on the policy, since grace is used in contradistinction to right as a time of indulgence granted, and there could be no indulgence until after the expiration of the insurance as a matter of right."

[2] We now address ourselves to determine whether or not it is possible, without doing violence to any rule of construction, to sustain the contract. In this connection we think it advisable to first dispose of appellant's contention that the conditional receipt issued by appellant on the 16th day of September, 1920, should be looked to in order to determine the meaning and effect that should have been given to the word "anniversary" as used in said policy. This position cannot be sustained; same being in contravention of article 4953, V. S. T. C. S. 1914, which provides:

"Every policy of insurance issued or delivered within this state on or after the first day of January, 1910, by any life insurance company doing business within this state, shall contain the entire contract between the parties, and the application * * * may be made a part thereof."

Therefore the policy issued by appellant must be looked to to determine the contractual relations between appellant and the assured, and, as said receipt was not incorporated in said contract so as to become a part thereof, same could not be construed in connection therewith. Further, by the very terms of the policy said receipt was excluded from being considered in connection therewith, to wit:

"This policy and the application thereof (parts 1 and 2) copies of which are attached hereto, constitute the entire contract, and no statement shall void any payment under this policy or be used in defense of any claim hereunder unless it is contained in one of these instruments."

260 S.W.—15

Therefore under this provision said conditional receipt could not be in any respect considered as a part of said contract of insurance, same not having been incorporated therein.

As to the date of the policy, there was no stipulation in the policy, which was the sole contract between the parties, that the policy should bear a date prior to its actual springing into existence, and that any and all stipulations in the policy should be considered as from that date.

[3] The statutes of Texas as above quoted expressly state that the only contract between the insurer and insured shall be the policy; therefore, where the policy is silent, the courts cannot read into it other stipulations. It is apparent from the language found in the contract of insurance that the words "anniversary hereof," mean "annually from now," or "annually from henceforth," and that "from now" or "from henceforth," cannot refer to a time prior to the birth of the instrument, but does refer to the time from its delivery, or at least from a date not before the time it came into existence. By the very terms of the contract it did not become a binding obligation between the parties whereby the appellant became the insurer of the life of Thee Zack Baker until said policy had been in fact approved by the final medical examination of appellant's medical director at its home office and the policy delivered to and received by the insured during his lifetime while in good health. Therefore the anniversary date of the contract of insurance was the second day of October following the date of the delivery of said policy, October 2, 1920. The anniversary date of said policy being the 2d day of October, 1921, and adding to this the 30 days of grace, said policy was continued in force until November 1, 1921, and was in force on the 19th day of October, 1921.

Even conceding that the language under investigation is susceptible of more than one construction in determining the rights of the parties, that interpretation which will prevent a forfeiture and secure the enforcement of the obligation so as to protect the beneficiaries in the policy of insurance should be accepted and adhered to as the correct rule of decision. This rule is only intensified by the fact that the language employed was selected by appellant, the author of the instrument as prepared.

As said in the case of Prudential Ins. Co. of America v. Stewart, supra:

"The construction which" appellant "contends for would require the assured to ignore a plain provision of the contract and to pay a premium for insurance which he never received. * * * It would have been a very easy matter for the plaintiff in error to prepare a policy which was not ambiguous. If it intended not to be bound by the provision that the policy took effect on

delivery and that the premiums were payable quarterly yearly thereafter, it should have made known its intention in plain words."

Nowhere in the policy is it stated that the insurance shall run from one definite date to another definite date, or that the premium shall be paid on a definite date and the anniversary of that definite date.

We therefore conclude that, as appellant in its policy undertook to limit its liability until the actual issuance and delivery of an annual policy providing for 1 month's grace, the insured was protected against forfeiture for 13 months from its' execution and delivery, and therefore the judgment of the court below should be affirmed.

Affirmed.