**Bernice J. SCHODTS, Appellant,**

v.

**AMERICAN HOSPITAL AND LIFE INSURANCE COMPANY, Appellee.**

No. 13333.

Court of Civil Appeals of Texas.

San Antonio.

April 30, 1958.

Rehearing Denied May 28, 1958.

Dobbins, Howard & Smith, Matt Garcia, Jr., San Antonio, for appellant.

Boyle, Wheeler, Gresham, Davis & Gregory, Bond Davis, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

American Hospital and Life Insurance Company brought this suit against Bernice J. Schodts, seeking to cancel a life insurance policy issued on the life of her husband, Frederick S. Schodts, Sr. Mrs. Schodts filed a cross-action seeking to recover the face amount of the policy, statutory penalties, interest and attorney's fees. The trial was before a jury and resulted in judgment in favor of American Hospital and Life Insurance Company, from which judgment Bernice J. Schodts has prosecuted this appeal.

Appellant first complains because the court submitted Special Issue No. 1 to the jury, when there was no pleading raising this issue, and there was no requirement in the insurance policy or the application for such insurance, requiring that insured be in good health on October 12, 1953, the day he signed the application for the insurance. In answer to Issue No. 1, the jury found that insured was not in good health on October 12, 1953.

The application did contain the following provision:

"If the first full premium is paid in advance to an authorized agent of the company while I am in good health and the receipt on the form attached hereto delivered, then the liability of the Company shall be stated in such receipt."

■ The premium was paid and the receipt issued on October 12, 1953, but no liability is claimed under the terms of this receipt. The policy was issued and delivered on October 20, 1953. The policy contained no provision requiring that insured be in "good health" on October 12, or October 20, 1953. The receipt was not attached to the policy and, under the provisions of Art. 21.-24 of Vernon's Insurance Code, it could not be considered as a part of the insurance contract. Jefferson Standard Life Insurance Co. v. Baker, Tex.Civ.App., 260 S.W. 223; Scott v. National Bankers Life Insurance Co., Tex.Civ.App., 253 S.W.2d 485.

■ The court erred in submitting Special Issue No. 1 to the jury over the objection of appellant, because it was not raised by the pleadings. Rule 279, Texas Rules of Civil Procedure.

Appellant next complains because the court submitted Special Issue No. 2 to the jury, and did not thereafter disregard the jury's answer to such issue.

■ By Issue No. 2, the jury was asked whether the insured was in "good health" on October 20, 1953, the day the policy was delivered. The policy did not require that the insured be in "good health" on such date, but only required that he be in "continued good health." There is a distinction in these two terms. The question has never been passed upon in this State, and the authorities from other jurisdictions are not in accord, but the majority rule, which we prefer to follow, construes "continued good health" to mean that insured was in the same health as he was at the time he made application and was examined and passed by the company's doctor, and that he has not sustained any material change for the worse in his health status since that date. 44 C.J.S. Insurance § 265, p. 1066; 29 Am. Jur., § 154, p. 168.

In Fidelity Mutual Life Ins. Co. v. Elmore, 111 Miss. 137, 71 So. 305, the Court, speaking of a provision in a life insurance policy calling for delivery during "continued good health," said:

"As to the contention that the policy never had any validity, because it was admitted that the insured was not in good health at the time the policy was delivered, we think the statement in the application to this effect merely means that the defendant's health had not undergone any change between the date of the application for and the delivery of the policy."

In Mutual Life Ins. Co. of New York v. Hoffman, 77 Ind.App. 209, 133 N.E. 405, 409, the Court said:

"The provision that unless the first premium shall have been paid and the policy shall have been delivered to the applicant during his 'continuance in good health' implies that the applicant was in good health when the application was made. Whether the insurance company issued a policy depended upon the statements contained in the application and in the medical examination. The clause in question has no reference to any unsoundness of health at the time of or previous to the application and medical examination. It refers solely to a change in the condition of health after the making of the application and medical examination, and when it is not shown that the alleged unsoundness of health did not occur between the date of the application and medical examination and the delivery of the policy, the insurance company must rely on the statements in the application and medical statement to avoid a recovery on the policy, and not upon the clause in question."

See also, Mutual Life Ins. Co. of New York v. Frey, 9 Cir., 71 F.2d 259.

There are authorities to the contrary, but they simply state the minority rule, which we do not care to follow.

Appellant contends that the provision that insured had to be in "continued good health" was in such fine print that it could not be read by a person of ordinary eye sight, but, in view of the above holding, we pass over this contention without comment.

The jury found in answer to Special Issue No. 3, that insured represented, at the time he signed the application for the insurance, that he had last seen a physician in 1951, and that the physician was Dr. Lloyd Smith of McAllen, Texas, for a check-up and that there were no findings but that he was entirely normal. In answer to Special Issue No. 4, the jury found that such representations were false; in answer to Special Issue No. 5, that they were material to the risk; and in answer to Special Issue No. 6, that they were made wilfully for the purpose of inducing appellee to issue the policy of insurance; and in answer to Special Issue No. 7, that appellee relied on such representation in determining whether to issue the policy of insurance, but the jury was not asked if the insured in making the representation intended to deceive.

 Appellant objects to the charge because it did not submit the element of intent to deceive. Statements made in an application for life insurance are not warranties, but only representations and will not render a policy of insurance void, especially after the death of the insured, unless made with an intent to deceive. Art. 3.44, § 4, Vernon's Insurance Code; Baldwin v. G. M. Davidson & Co., Tex.Civ. App., 127 S.W. 562; Texas Prudential Ins. Co. v. Beach, Tex.Civ.App., 98 S.W.2d 1057; Pioneer American Ins. Co. v. Meeker, Tex.Civ.App., 300 S.W.2d 212; Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820, 821.

The jury was asked about other alleged misrepresentations made by insured to insurer, and with reference to these representations, the jury was asked if insured intended to defraud, and in each instance the jury answered that he did not. This renders it quite possible that if the jury had been asked if the insured intended to deceive with reference to the misrepresentation inquired about in Special Issue No. 3, it would have answered that he did not intend to deceive.

Accordingly, the judgment will be reversed and the cause remanded.