## Sydnor, Appellant, *v.* Metropolitan Life Insurance Company.

*Insurance—Life insurance—Premiums—Payment of premiums.*

Where a policy of life insurance provides that there shall be no obligation upon the company until the first premium has been paid, and also provides for four payments in each year on or before the thirty-first days of March, June, September and December, and it appears that the first premium was not paid until April 26, although the policy was dated March 31, subsequent premiums must be paid on the days designated in the policy, and not at the end of terms of three months each, beginning with April 26.

*Insurance—Life insurance—Payment of premiums—Condition of health—Waiver.*

The acceptance of a second premium on a policy of life insurance after it has become due, and when the insured is in good health, does not constitute a waiver of the conditions of the policy as to the payment of future premiums regardless of the health of the assured at the time such future premiums are permitted to become in default.

Argued Oct. 6, 1904.    Appeal No. 39, Oct. T., 1904, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1903, No. 366, for defendant on case stated in suit of Martha Sydnor v. Metropolitan Life Insurance Company.    Before RICE, P. J., BEAVER, SMITH, PORTER and MORRISON, JJ. Affirmed.

Assumpsit on a policy of life insurance.

Case stated.

The material facts as agreed upon in the case stated are set forth in the opinion of the Superior Court.

The court entered judgment for defendant on the case stated.

*Error assigned* was the judgment of the court.

*George W. Mitchell*, for appellant.    This contract was not

consummated until the first premium was paid: Marland v. Royal Ins. Co., 71 Pa. 393 ; Mfg. Co. v. Fire Ins. Co., 16 Pa. Superior Ct. 91; Equitable Life Assurance Society v. Clements, 140 U. S. 226 (11 Sup. Ct. Rep. 822). In the case at bar, the first premium was paid and policy was delivered on April 26. There being no contract before that time, only terms and negotiations in contemplation of a contract, the payment of the money and delivery of policy on that day were not a reviver ; the contract could not even relate back to any prior date, except where it is shown that a consideration has been paid or valid agreement made to have policy go into effect before delivery. Wainer v. Fire Ins. Co., 153 Mass. 335 (26 N. E. Repr. 877) ; Markey v. Mut. Ben. Life Ins. Co., 118 Mass. 178; Tooker v. Security Trust Co., 26 N. Y., App. Div. 372 (49 N. Y. Supp. 814) ; Whitaker v. Ins. Co., 29 Barbour 312. The company was estopped from setting up forfeiture after loss where insured had been led to believe that strict payment would not be insisted upon. Helme v. Philadelphia Life Ins. Co., 61 Pa. 107 ; Highlands v. Fire Ins. Co., 177 Pa. 566 ; Lantz v. Vermont Life Ins. Co., 139 Pa. 546.

*Arthur G. Dickson*, for appellee, cited : Lantz v. Vermont Life Ins. Co., 139 Pa. 546.

OPINION BY PORTER, J., November 21, 1904 :

The policy of insurance upon which this action is founded insured the life of Hester Baer in favor of her sister, the plaintiff ; it was duly executed on March 31, 1902, at the home office of the company in the city of New York, was tendered to the insured on April 2, 1902, but was not on that day delivered for the reason that the insured did not pay the premium, and was retained by the representative of the insurance company until April 26, 1902, upon which date the first premium was paid and the policy was delivered to the insured. The consideration for the obligation which the company assumed was by the policy declared to be " the payment of the quarter annual premium of nine dollars and thirty-four cents on or before the delivery of this policy, and of a like amount on or before the 31st day of March, June, September and December of each and every year during the life of the insured." The cov-

enant of the company to pay was by the express terms of the policy made "subject to the conditions set forth on the third page hereof, each and all of which are hereby made part of this contract, and are accepted by the insured and assured as part hereof as fully as if herein recited." Among the conditions thus incorporated in the contract was the following: "If any premium or instalment of premium be not paid when due, this policy shall be void, and all premiums paid shall be forfeited to the company, except as provided in paragraph first of ʻBenefits and Privileges.' " The right saved to the insured, in case the policy should become void for nonpayment of premium, by the exception of the " Benefits and Privileges " from the operation of the condition above quoted, was that the policy might " be revived within one year after nonpayment of premiums upon payment of all arrears with interest at six per centum and presentation of evidence satisfactory to the company that the insured is in good health." The policy contained a provision that no obligation was "assumed by the company until the first premium had been paid."

The insured did not pay the premium which became due on the last day of June, 1902, but did pay it on July 11, 1902, and the company gave her and she accepted and retained without objection a receipt which stated that the premium had become due on June 30, and which had plainly printed upon it a notice that " the acceptance by the company at any time of a premium past due is to be taken as an act of grace by the company and not as a precedent, nor as a waiver of any of the policy conditions." When the next premium became due, on the last day of September, 1902, a representative of the company called upon the insured and was unable to find her; he again called at her residence in Philadelphia, on October 10, and was informed by her sister, the plaintiff, that the insured was visiting in Baltimore and expected to return within a short time. The representative of the company again called at the residence of the insured on October 14, 1902, and, in the absence of the insured, her sister, the plaintiff, tendered the agent the amount of the premium then overdue. The parties have expressly agreed that the agent declined to receive the money on behalf of the company on the ground that the premium was past due, but in response to plaintiff's request consented to

hold the money safely for the plaintiff and handed her a provisional receipt, under the terms of which he agreed to hold the money " as a deposit to be applied to the payment of the premium due on said policy September 30, 1902, for the nonpayment of which at due date this policy was lapsed, provided that the Metropolitan Life Insurance Company, at its home office, approves of the application for the restoration of said policy submitted this day." This receipt further provided that in case the company approved of the application to restore the policy he would pay the said money to the company " and deliver to the said former insured the regular home office receipt in exchange for this receipt; if not approved I agree to return said deposit to the person making it. It is understood that no obligation under said policy is assumed until the application for restoration has been approved." Hester Baer, the insured, died in Baltimore on October 14, 1902, but whether before or after the hour at which Martha Sydnor tendered the amount of the premium to the agent of the defendant company does not distinctly appear from the facts agreed upon in the case stated, nor is it material to the inquiry. The insurance company refused to approve of the application to revive the policy, or to receive the premium tendered by the plaintiff, and the money which she had deposited with the agent was returned to her.

The plaintiff subsequently brought this action on the policy, and the question submitted for the determination of the court below, under the facts agreed upon in the case stated, was whether " the third premium was tendered in time to the defendant's company "; if it was, then judgment to be entered in favor of the plaintiff in the amount agreed upon, and, if it was not, judgment to be entered in favor of the defendant. The court below entered judgment in favor of the defendant. The learned counsel for the appellant contends that the policy contemplated the payment of premiums quarterly from the time the policy took effect as a binding contract, that the payment of the first premium on April 26, paid for three months' insurance, or to July 26, and that the payment of the second premium on July 11, paid for three months' additional insurance, or until October 26; and, the insured having died before the expiration of this period, the company is liable.

The parties made their own contract, which is free from ambiguity and must be enforced according to its terms. The contention of the appellant would write into the contract terms upon which the parties never agreed. The policy did not become a binding contract until the first premium was paid; there could have been no recovery upon the policy had the insured died between March 31 and April 26, 1902; that, however, was not the fault of the company, but because the insured had failed to comply with the condition precedent to the assumption of liability by the insurer, the payment of the consideration for the undertaking to indemnify. The policy which the defendant company tendered did not require that the first premium should be paid upon any particular day, but it did covenant that the premium should be paid on or before the delivery of the policy, and that it should become a binding contract only when the first premium was paid. When the first premium was paid and the policy was delivered the parties became bound by its covenants. The defendant agreed to pay upon the death of Hester Baer, not within a definite time but whenever she might die, upon condition that upon each one of four specific days in each and every year during the life of the insured a certain premium should be paid, as the consideration for the indemnity furnished. The contract was not that the insured should pay the first premium upon the date of the policy and the others quarterly thereafter. The fact that the time when the policy could be delivered was uncertain may have had some influence in leading the parties to abstain from fixing a specific date for the payment of the first premium. Whatever the reason may have been the time for the payment of that premium was left dependent upon the delivery of the policy. After the first premium was paid the terms of the contract left no room for doubt as to the time when future payments were to be made : when in the flight of time one of the days specified by the contract arrived, a payment must be made, or the company would cease to be bound. The third premium became due on the last day of September and a payment tendered on October 14 was not in time.

The fact that the second premium, which became due on the last day of June, was accepted by the company on July 11 was not sufficient to establish such a course of dealing between

the parties as to imply a waiver by the company of the right to insist upon prompt payment of future premiums. The insured had a right under the provisions of the policy to have it "revived within one year after nonpayment of premiums upon payment of all arrears with interest at six per centum and presentation of satisfactory evidence to the company that the insured was in good health." The second premium was paid by the insured, personally, to an agent of the defendant company, who gave to the insured a receipt which was express notice that the acceptance of a past due premium was to be taken as an act of grace and not as a precedent, nor as a waiver of any of the policy conditions. There is nothing in the case stated from which it could be inferred that the insured was not at that time in good health, and the acceptance of a premium under such circumstances and upon such conditions could not have warranted the insured, nor the plaintiff, in assuming that the company would accept future premiums when overdue and at a time when the insured was actually dying, or already dead. The clause in this policy releasing the company from liability upon failure of the insured to pay the premium, is not one of those catching clauses which are sometimes the subject of adverse criticism, but it is a demand for prompt payment of the only consideration which gives vitality to the contract of insurance. Such a clause is not to be considered as having been waived by the company save under circumstances when some officer authorized to represent the company in such a matter has done something by which the insured may have been reasonably lead to believe that the condition would not be insisted upon: Marland v. Royal Insurance Company, 71 Pa. 393. The acceptance of the second premium after it had become due, when the insured was in good health, did not constitute a waiver of the conditions of the policy as to the payment of future premiums, regardless of the health of the assured at the time such future premiums were permitted to become in default: Lantz v. Vermont Life Insurance Company, 139 Pa. 546.

The judgment is affirmed.