## Mathers *v.* Protected Home Circle, Appellant.

*Beneficial associations—Forfeiture of membership—Waiver—Evidence.*

In an action against a beneficial association for death benefits, the defense was that the deceased member was in default in the payment of his dues for a particular month, and that during such month and thereafter he had been ill. The plaintiff showed a tender of the dues a few days after the expiration of the time when they were due, and also proved that on another occasion the deceased and other members had paid their dues after the expiration of the month. This proof was met by evidence that the accountant for the inferior lodge of the association to which the deceased belonged was the collector for the supreme lodge, and that she had made returns on other occasions for delinquent members, including the deceased out of her own moneys and at her own risk and had never communicated this fact to the Supreme Lodge. *Held,* that there was no proof of waiver, and that plaintiff was not entitled to recover.

Argued May 13, 1913. Appeal, No. 157, April T., 1913, by defendant, from judgment of C. P. Butler Co., March T., 1913, No. 66, on verdict for plaintiff in case of Martha E. Mathers v. The Protected Home Circle. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit for death benefits for plaintiff for $1,081.22. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant.

*Thomas H. Greer,* with him *James A. McLaughrey* and *John B. Greer,* for appellant.—It is now a settled rule of law in this state that evidence to prove a custom which is contrary to the express terms of a contract is inadmissible: Dickinson v. A. O. U. W., 159 Pa. 258; Porter v. Patterson, 15 Pa. 229; Shortz v. Unangst, 3 W. & S. 45; Edwards v. Goldsmith, 16 Pa. 43; Stoddard v. Emery, 128 Pa. 436; Keener v. Bank of U. S., 2 Pa. 237; Stokes v. Fenner, 10 Phila. 14.

The burden of proof is on the party alleging agency to prove the fact: Weldon v. Traction Company, 27 Pa. Superior Ct. 257; Keyser v. Reilly, 191 Pa. 271; Beal v. Adams Exp. Co., 13 Pa. Superior Ct. 143; Slease v. Naysmith, 14 Pa. Superior Ct. 134; Beatty v. Ins. Co., 66 Pa. 9; Sydnor v. Ins. Co., 26 Pa. Superior Ct. 525; Greene v. Fire Ins. Co., 91 Pa. 387.

The power of the accountant is limited by the contract and she could not waive the provision of the contract: Home Friendly Society v. Berry, 94 Ga. 606; Boyce v. Royal Circle, 99 Mo. App. 349; Modern Woodmen of America v. Tevis, 117 Fed. Repr. 369; Schmidt v. Modern Woodmen of America, 84 Wis. 101.

*T. C. Campbell,* with him *W. H. Martin,* for appellee.— A local officer of a benefit association, required by its by-laws, to collect dues from members, is the agent of the association: Supreme Tribe of Ben Hur v. Hall, 24 Ind. App. 316 (56 N. E. Repr. 780); Jones v. Knights of Honor, 236 Ill. 113.

The accountant being the agent of the defendant, may waive a forfeiture in the contract, unless the authority is limited by the contract: Whiteside v. Supreme Conclave I. O. H., 82 Fed. Repr. 275; Modern Woodmen of America v. Tevis, 111 Fed. Repr. 113; Stewart v. Ins. Co., 39 Pa. Superior Ct. 296; Ins. Co. v. Wolff,

95 U. S. (5 Otto) 326; Northern Assurance Co. v. Grand View Building Assn., 183 U. S. 308.

We submit the three following cases as to the general rule in such cases, in support of the charge of the court: Helme v. Philadelphia Life Ins. Co., 61 Pa. 107; Ins. Co. v. Eggleston, 96 U. S. (6 Otto) 572; Modern Woodmen of America v. Tevis, 111 Fed. Repr. 113.

OPINION BY HENDERSON, J., December 8, 1913:

Plaintiff's action is based on a benefit certificate issued by the defendant on the life of John B. Mathers in favor of the plaintiff, who was his wife. The defendant is a fraternal, beneficial association having a general organization known as the Supreme Circle, and subordinate organizations known as local circles, having a membership in the place in which the subordinate body is located. The beneficial certificates to the members of the organization were issued by the Supreme Circle. The certificate issued to John B. Mathers was in its general form the same as that issued to each member of the organization and contained the provision that the payment of seventy-two cents should be made thereon at the beginning of each month after the receipt of the certificate, such payment to be made within fifteen days after becoming due, and in case such payment is not made before the expiration of such fifteen days this benefit certificate shall become null and void (and may not be thereafter revived except upon the filling out and acceptance of the supreme accountant of a reinstatement blank furnished by the Supreme Circle), in consideration of which payments the defendant promised to pay to plaintiff or the legal representatives of John B. Mathers, the sum of $1,000, "Provided always that said member shall be in good standing in this order at the time of death." The plaintiff and her husband were members of Circle No. 22, of Butler, Pennsylvania. John A. Mathers died on September 19, 1911. The defense to the action was that

424   MATHERS *v.* PROTECTED H. CIR., Appellant.

Opinion of the Court.      [55 Pa. Superior. Ct.

he was not in good standing in the order at the time of his death because of the fact that the payment due from him to the Supreme Circle for the month of July on his benefit certificate had not been paid within the time prescribed in the contract, by reason of which the certificate became null and void in accordance with its terms. It was not denied that the insured had failed to make payment during the month of July, but the plaintiff alleged that the defendant had waived strict performance of the contract as to the time of payment and that an estoppel therefore was effected precluding it from enforcing the forfeiture. The evidence shows that at other times prior to July payments had been made on the certificate after the last day of the month, when they should have been paid, according to the contract and the usage of the defendant, and that the plaintiff tendered to the accountant of her circle the July payment on August 4 or 5, but that acceptance of it was refused for the reason that Mathers was suspended for nonpayment and that he had fallen sick in July, because of which fact it would be necessary for him to apply for reinstatement in accordance with the laws of the order. Evidence was also introduced to show that in the case of a considerable number of other members of the circle payments had been made by them after the time fixed for payment in their certificates. It appeared from the evidence that the amount due from the members of the local circle to the Supreme Circle on their benefit certificates was paid each month at the time required by the order, the accountant advancing the money for the members who were in default and taking the chance that she would be reimbursed. There was some evidence that this was on an arrangment by such members with the accountant, although the plaintiff testified that she knew of no such arrangement. The accountant did not advance the July payment for Mathers. It was conceded that the failure to make payment according to the terms of the certificate would work a forfeiture of the right of the in-

sured thereunder, and also of the beneficiary, unless the defendant by its course of conduct waived prompt payment. The trial court submitted to the jury the question whether there had been such course of conduct on the part of the defendant with reference to the time of payment of monthly dues to it as would estop it from alleging a forfeiture. The question is whether the defendant is affected by the act of the local accountant in accepting some of the benefit payments after the time when they should have been paid, and whether such acceptance of delayed payments by the accountant of the local organization amounted to a waiver by the defendant of performance according to the terms of the contract. Such a waiver consists in the performing of some act or acts inconsistent with an intention to insist on strict performance. It is to be observed that the relations of the plaintiff and her husband were not directly with the defendant but with the accountant of their circle. The duties of this accountant, so far as is shown in the evidence, were to receive from the members the several sums due on their benefit certificates and forward the same to the Supreme Circle not more than five days after the beginning of the next month, to report all suspensions for nonpayment and to pay to the local body the dues to which it was entitled. There is no evidence that the Supreme Circle had any knowledge that any payments were made to the collector after the time limited in the certificate. On the contrary, all the evidence on the subject is to the effect that the payments on the Mathers' certificate, and for the other members, were promptly made and that in case of the default of any member to make payment the accountant advanced the money to make up the necessary amount. This was done a number of times by the accountant in the case of a small percentage of the membership of the local order. The authority of the accountant to waive the terms of the contract in favor of the beneficiary could only be inferred, if it existed, for it nowhere appeared that any such authority existed. Assuming

that this officer was the agent of the Supreme Circle in receiving and paying over the amounts due on the certificates, there is no evidence that any other duty or authority existed than such receiving and paying over, and in view of the undisputed evidence that the defendant had no knowledge that the payments were not made as required by the contract, we do not find in the evidence a foundation on which to rest a conclusion that the defendant is estopped from enforcing the contract according to its terms. The defendant is not an ordinary business corporation; it has no capital stock. The peculiar and limited purposes of its organization are carried out by the action of its members as well as its officers. It is a mutual organization in which each member is bound by the laws and regulations which determine his obligations and powers. No member could be said to be imposed upon by the dereliction of an officer when the member has equal knowledge with the officers of the laws which control them both. The plaintiff and her husband, as members of the Protected Home Circle, are presumed to have known their rights and duties as well as did the local accountant. It can hardly be said that the action of the accountant could legally put them in a worse position in respect to the obligations to the corporation binding on them as members. If a course of business be tolerated by the principal officers of such an organization, a local officer may become vested thereby with authority to waive prompt payment of dues. If a collector for a considerable period accepts dues after default and remits them to the supreme officers, who accept them with knowledge that they were paid after they were due, this would be a state of facts from which a waiver might be inferred. But to produce such a result, knowledge of such conduct on the part of the local officer should be brought home to those to be affected thereby in the absence of evidence of such general authority of the agent as would bind the principal. The acts of the local accountant be-

yond the scope of his prescribed authority would not amount to a waiver or work an estoppel in the absence of knowledge by the supreme authority and acquiescence therein. They were not the acts of the Protected Home Circle, and the insured and the beneficiary are charged with knowledge of that fact. Compliance with the laws of the order with respect to the payment of dues on benefit certificates is . of first importance. Insurance of this character is only temporary; it extends from month to month; performance by each of the members of the order is necessary to a successful operation of the plan. If the control of the collection of the dues, on which it depends to meet all demands, is to be subject to the complaisance or generosity or sympathy of the local collectors, the operation of the order and its beneficent objects might easily be obstructed and defeated. The provision for prompt remittance is essential to the successful management of the business. It has been well said with reference to the clause in the contract releasing an insurer from liability on failure of the insured to pay the premium that it is not one of those catching clauses which are made the subject of adverse criticism, but is a demand that prompt payment be made of the only consideration which gives vitality to the contract of insurance. Such a clause is not to be considered as having been waived by the company save under circumstances when some officer authorized to .represent the company in such a matter has done something by which the insured may have been reasonably led to believe that the conditions would not be insisted upon: Sydnor v. Ins. Co., 26 Pa. Superior Ct. 525. The doctrine of waiver, as asserted against contracts of this character, to prevent the strict enforcement of conditions contained therein, is in effect the application of the doctrine of estoppel and is only to be invoked when the conduct of the company has been such as induced action in reliance upon it, and where it would operate as a fraud upon the insured

if the insurer were afterwards allowed to disavow its conduct and enforce the conditions. It is necessary to a proper application of this doctrine that the corporation sought to be estopped should have knowledge of all the facts: Insurance Co. v. Wolff, 95 U. S. 326; Northern Assurance Co. v. Grand View Building Assn., 183 U. S. 308. In the absence of evidence of authority on the part of the local collector to waive the time of payment of monthly dues on the certificate, it is not apparent that in doing so he could bind the insurer against the plain terms of his policy: Murphy v. Prudential Ins. Co., 30 Pa. Superior Ct. 560. The question is directly decided in a number of cases in other states: Elder v. Grand Lodge A. O. U., 79 Minn. 468; Coughlin v. Knights of Columbia, 79 Conn. 218; Supreme Lodge Knights of Honor v. Oeters, 95 Va. 610; United Moderns v. Pike (Tex. Civ. App.), 76 S. W. Repr. 774; Lyon v. Supreme Assembly, 26 N. E. Repr. 236 (Mass.). It is to be noted too that the condition of the insured had changed in the month of July before the payment for that month became due. He became sick, and was not then insurable. It was held in Sydnor v. Ins. Co., 26 Pa. Superior Ct. 525, that the acceptance of a second premium after it had become due when the insured was in good health did not constitute a waiver of the conditions of the policy as to the payment of future premiums, regardless of the health of the insured at the time such future premiums were permitted to be in default, and in Lantz v. Ins. Co., 139 Pa. 546, that an agent had no power to bind the company by a promise to accept an already overdue premium on a future day regardless of the health of the insured or of his death before that time. The agent's acceptance of prior premiums after maturity, the assured then being in good health, gave the latter no right to rely on such promise. These authorities related to ordinary life insurance, and apply with greater reason to insurance of the kind disclosed in the case before us. The author-

ities relied upon by the appellee are in most instances cases where the defendant had knowledge of the course of conduct of the agent, or where there was a ratification of the agent's act, or where the dealing of the insured was directly with the defendant. The question has been otherwise determined in a few instances in other states, but we regard the authorities cited in the foregoing opinion as holding the better and generally accepted view. We feel constrained to say, therefore, that the first and second points of the defendant should have been affirmed. The first and second assignments are sustained; the judgment is reversed and judgment is now entered for the defendant.