# McDonough *v.* Prudential Insurance Co. of America, Appellant.

*Insurance—Life insurance policy—Construction—Failure to pay premium.*

A policy of life insurance provided that the contract of insurance should not become binding until the first premium was paid. It also contained specific dates upon which premiums were due and

payable, viz., semi-annually on the 6th of April and October of each year.

The insured did not pay the premium which became due on October 6, 1921. He died on November 23, 1921, and subsequently claim was made on the policy.

It appeared that in the application which was dated March 28, 1921, the insured requested that the premium be payable quarterly, and that the policy was issued under date of April 6th, but was not delivered for the reason that the insured did not pay the premium, and was retained by the agent of the company until May 3, 1921, upon which date the premium was paid and the policy delivered.

Under such circumstances, although the application for the policy stated that the premiums were to be paid quarterly, the policy provided for semi-annual payments on a certain date, and when it was accepted by the insured he was bound by its provisions, and could only recover upon strict compliance therewith.

If a policy stipulates the date on which the premiums are to be paid, the date must control, regardless of the date on which the policy was delivered. When the policy was delivered and the money paid, the parties were bound by their own contract, which was free from ambiguity, and must be enforced according to its terms.

Argued November 11, 1924. Appeal, No. 184, Oct. T., 1924, by defendant, from judgment of C. P., No. 2, Phila. Co., March T., 1922, No. 3296, on verdict for plaintiff in the case of Annie McDonough v. Prudential Insurance Co. of America. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on policy of life insurance. Before STERN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,242.41, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, and refusal of defendant's motion for judgment non obstante veredicto.

*Frederick J. Shoyer,* and with him *Joseph L. Wase,* for appellant.—The insured was bound by the terms of the policy: Susquehanna Co. v. Swank, 102 Pa. 17; Miller v. Interstate Casualty Co., 17 Pa. Superior Ct. 366; Susquehanna Mutual Fire Insurance Co. v. Oberholtzer, 172 Pa. 223; Harrisburg Trust Co. v. Mutual Life Insurance Co., 278 Pa. 255; Marland v. Royal Insurance Co., 71 Pa. 393.

Policies date from the time of their issuance and the date appearing thereon, and not from the time of delivery: Sydnor v. Metropolitan, 26 Pa. Superior Ct. 521; Methvin v. Fidelity Co., 129 Calif. 241; Mutual Life Insurance Co. v. Stegal, 1 Ga. App. 611; Rose v. Mutual Life Insurance Co., 240 Ill. 45; McConnell v. Provident Sav. Life Assur. Soc., 34 C. C. A. 663, 92 Fed. 769; Forch v. Western Life Ins. Co., 157 Ill. App. 244; Tibbits v. Mutual Ben. L. Ins. Co., 159 Ind. 671, 65 N. E. 1033.

*Victor Frey,* and with him *Augustus T. Ashton,* for appellee, cited: 32 Corpus Juris 1117-1118 (sec. 215); McMasters v. Insurance Co., 183 U. S. page 225; Glass v. Masons Frat. Assn. of America, 112 Fed. 499.

OPINION BY GAWTHROP, J., February 27, 1925:

This is an action of assumpsit brought on a life insurance policy issued by the defendant upon the life of the plaintiff's husband. Payment was resisted on the ground that the policy had lapsed at the time of the death of the insured. The trial resulted in a verdict for the plaintiff. The defendant's motions for a new trial and judgment n. o. v. were overruled, and this appeal is from the judgment entered on the verdict. In view of the conclusion which we have reached, we find it necessary to pass upon only that assignment of error which complains of the refusal to enter judgment for the defendant.

,Viewed in the light most favorable to the plaintiff, the evidence warrants the following statement of the material facts: On March 28, 1921, the insured signed an application to the defendant for a policy of life insurance in the amount of $1,000, with double indemnity in case of death by accident. Question No. 23 in the application: "Is premium to be paid annually, semi-annually or quarterly?" was answered: "Quarterly." Pursuant to the application the company executed the policy in suit under date of April 6, 1921; but it was not delivered at that time, for the reason that the insured did not pay the premium, and was retained by the agent of the company until May 3, 1921, upon which date the first premium was paid and the policy was delivered to the insured. The consideration for the obligation which the company assumed was by the policy declared to be "the payment of premiums annually in advance, but if premiums be made payable quarterly or semi-annually, any unpaid premiums required to complete payment for the current insurance year, in which death occurs, shall be considered an indebtedness to the company on account of the policy." The policy contained a provision that "if any premium be not paid when due, as specified on the first page hereof, this policy shall be void and all premiums forfeited to the company, except as herein provided. The payment of any premium shall not maintain the policy in force beyond the date when the next premium becomes due, except as to the benefits provided for herein after default in premium payment." It also contained a clause providing: "In the payment of any premiums under this policy, except the first, a grace of thirty-one days without interest will be allowed during which time the policy will remain in force." The application contained the following declaration: "I further agree that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained and that unless the full first premium is paid by me at the time of making this application, the policy shall not take

effect until issued by the company and received by me and the full first premium thereon is paid, while my health, habits and occupation are the same as described in this application." The policy specified that the premiums were to be paid semi-annually on the sixth day of April and October in every year during the continuance of the policy. The insured did not pay the premium which became due on October 6, 1921. He died November 23, 1921.

The question upon which the decision turns is whether the second premium was due on October 6th, the date designated in the policy, or at the end of the six months' period beginning on May 3d, the date when the policy became effective. We held in Sydnor v. Metropolitan Life Insurance Co., 26 Pa. Superior Ct. 521, that where a policy of life insurance provides that there shall be no obligation upon the company until the first premium has been paid and also provides for four payments in each year on or before the last days of March, June, September and December, and it appears that the first premium was not paid until April 26th, although the policy was dated March 31st, subsequent premiums must be paid on the days designated in the policy and not at the end of terms of three months each, beginning April 26th. If the policy stipulates the date on which the premiums are to be paid, the date must control regardless of the date on which the delivery was made. The learned judge of the court below was of opinion that the present case is not ruled by the Sydnor case, because an element enters herein which was not present in that case, viz: that in the application attached to the policy it was provided that premiums should be paid quarterly without any designation of specific dates. He reasoned thus: "If the policy itself had been similarly written, that is to say, had it provided merely for periodical payments, whether quarterly, semi-annually or annually, without specifying any particular dates, it seems clear to the court that no reasonable construction would be possible ex-

cept that such periods should date from the time when the policy became effective by delivery and not from the date of the policy......The policy itself provides and, of course, it is the law, that the contract of insurance does not go into effect or become operative until the time when delivery is made.  Therefore, if a policy for quarterly payments, and the word quarterly is to be construed as dating from the time of the date of the policy, it would mean that the insured would be paying premiums for the period of time intervening between the date of the policy and its actual delivery, although during that time he would not be covered by insurance."  Notwithstanding our high respect for the opinions of the able judge of the court below, we are unable in this case to follow his reasoning or adopt his conclusion.  The policy does not provide merely for periodical payments, but it specifies the dates upon which the premiums shall be paid. As stated by Judge PORTER in the Sydnor case, "after the first premium was paid the terms of the contract left no room for doubt as to the time when future payments were to be made; when in the flight of time one of the dates specified by the contract arrived, a payment must be made or the company would cease to be bound."  The applicant upon examining his policy and finding it dated April 6th, when he did not receive it until May 3d, might have objected to the date and might have requested that the dates be changed so that for the first premium he would receive a full six months' insurance. The company could either have declined the insurance or acquiesced in the suggestion.  But when the policy was delivered and the money paid, the parties were bound by their own contract which is free from ambiguity and must be enforced according to its terms.  The decision of the court below writes into the contract terms upon which the parties never agreed.

The appellee argues that because the application stated that the premium payments were to be made quarterly the company was bound to deliver a policy in

which the terms of payment must be fixed as "quarterly" after the date of delivery; and that when the company delivered a policy which did not provide for "quarterly" payments and gave no notice of the change, the plaintiff was not bound by the stipulation fixing specific dates for the payment of semi-annual premiums. The court below held that the case should be decided on the basis of the designation of "quarterly" or periodical payments set forth in the application, and not as though specific dates were fixed. With that we cannot agree. Although the application was a part of the policy and from it it appears that the request was that the premium should be paid quarterly, the policy was not so drawn. It provided for the payment of the premiums semi-annually. The reason for the change is not important. It is sufficient to know that the insured accepted the policy so drawn and paid the first premium. What possible basis is there for contending that the beneficiary is not estopped from claiming that the policy should provide for the payment of the premiums quarterly? But that question is not controlling. It is not the change from quarterly payments to semi-annually payments which affects the rights of the plaintiff or the liability of the defendant. It is the specification of the dates for the payments of the premiums instead of providing for semi-annual payments thereof which it is urged violates the terms of the application. The word "quarterly" in the application serves the only purpose for which it was intended when it indicates in how many installments the annual premium may be paid. There is not a line in the application requiring that the company shall not specify the dates upon which the premiums shall be paid; and when the dates were stated, as legally could be done, the obligation of the insured is to be measured by the ruling announced in the Sydnor case. The insured was required to take notice of the premium dates fixed in the policy and is bound thereby in the absence of fraud, accident or mistake which are not alleged. McMasters v. N.

Y. Life Ins. Co., 183 U. S. 25, does not tend to support the position that the premium in this case was not due according to the terms of the policy. The whole dispute there was whether the date of the policy should control in the payment of the second annual premium, or a date inserted in the policy for the payment of future premiums, which date resulted from actual fraud committed by the insurance agent in altering the application after it left the hands of the insured. It was decided that the policies commenced to run from December 18th, the date thereof, and not from December 26th, the date of delivery.

There was no question of fact to be submitted to the jury in this case, and the defendant was entitled to the affirmance of its point requesting binding instructions in its favor.

The judgment is reversed and here entered for the defendant.