Argued January 3, 1934.
Assumpsit on insurance policy.
The facts are stated in the opinion of the lower court, FINLETTER, P. J., as follows:
"Plaintiff sues upon a life insurance policy issued upon the life of her husband by the defendant.
"The policy is dated, and was issued, February 10, 1931. It provides for payment of premiums, in this language: 'This contract is made in consideration . . . . . . of the payment . . . . . . on delivery of this policy of the first premium of $59.05, and the further payment of the quarterly premiums of $59.05 . . . . . . on the seventh day of each May, August, November and February, until premiums for thirty-five full years from the seventh day of February, 1931, which day is the anniversary of this policy . . . . . . . Executed at the Head Office of the Company . . . . . . the tenth day of February, 1931, which is the date of issue of this policy.'
"It is provided: 'Payment of premiums and days of grace. Every premium is due and payable in advance. *Page 55 
. . . . . . . A grace of thirty-one days from the due date named in this policy for the payment of every premium after the first is hereby granted.' Endorsed upon the policy is the following: 'Endorsements to be made by the company only. No. 1. Premiums are payable, values are allowed and dividends will be apportioned as if this policy had been issued February 7, 1931. Dated February 10, 1931,' signed by the defendant's president and registrar.
"Four quarterly premiums were paid, all within the periods fixed by the policy. The fourth was paid on December 2, 1931.
"Insured died on March 11, 1932. This would be within the days of grace if the premiums were due on the tenth of the months of February, May, August and November.
"If the days of grace are computed from the seventh of these months, death occurred after the expiration of the days of grace, and the policy would have lapsed.
"Sydnor v. Metropolitan L. I. Co., 26 Pa. Super. 521, and McDonough v. Prudential Ins. Co., 85 Pa. Super. 63, presented similar facts.
"In the first, the policy although dated March 31st did not become effective until April 26th, there having been a delay in paying the first premium. It provided for four quarterly payments of premiums, upon the thirty-first of March, June, September and December. The plaintiff (the beneficiary) claimed that the policy contemplated quarterly payments commencing from the effective date of the policy, April 26th, and that by the two payments made the policy was effective until October 26th, and therefore effective on October 14th, when the insured died. The court however held that the policy did not provide that the insured should pay the first premium on the date of the policy and quarterly thereafter, but upon each one of four specific days. 'The parties made their own contract, which is free from ambiguity and must be enforced according to its terms.' *Page 56 
"In McDonough v. Prudential Ins. Co., 85 Pa. Super. 63, the policy was dated April 6th, did not become effective until May 3d, and provided that premiums be paid on April 6th and October 6th. A premium due October 6, 1921, was not paid, and the insured died on November 23, 1921. It was held that 'if the policy stipulates the date on which the premiums are to be paid the date must control, regardless of the date on which the policy was delivered.' This ruling was made notwithstanding that in the application it was provided that the premiums should be paid 'quarterly.'
"In the case last mentioned Judge GAWTHROP considered McMasters v. N.Y. L. I. Co., 183 U.S. 25, which is relied upon by the plaintiff in the instant case. He says this case 'does not tend to support the position that the premium in this case was not due according to the terms of the policy. The whole dispute there was whether the date of the policy should control in the payment of the second annual premium, or a date inserted in the policy for the payment of future premiums, which date resulted from actual fraud committed by the insurance agent in altering the application after it left the hands of the insured. It was decided that the policies commenced to run from December 18th, the date thereof, and not from December 26th, the date of delivery.'
"It will be observed that there was nothing in the polices, under consideration in the above cases, that could give rise to any thought of ambiguity. The policies were explicit, clear, and express, in their requirement that payments of premiums be made on named dates. And that is true of the instant case.
"Plaintiff has cited five cases in which provision was made for payment on expressed dates, in which the court held that those dates did not govern. The reason was that in each case there was some other provision which conflicted with the dates named, and brought the court to the conclusion that there was an ambiguity. This being so, it followed upon well-known principles of construction *Page 57 
that the date least favorable to the draughts-man of the policy, or that which would avoid a forfeiture, should be taken. The cases referred to are Prudential Ins. Co. v. Steward, 237 Fed. 70; Jefferson Standard Life I. Co. v. Baker,260 S.W. 223; Johnson v. American C. L. I. Co., 249 S.W. 115; Stinchcombe v. N.Y. L. I. Co., 80 Pac. R. 213; Missouri S. L. I. Co. v. Allen, 243 S.W. 839.
"It is true that section 410 of the Insurance Act of 1921, P. L. 720, provides that all such policies shall contain a provision for a period of grace of thirty days or one month 'within which payment of premium' may be made. And it is also true that by providing for payment of premiums thirty days before the end of the year this provision may be defeated. It cannot, however, have this effect unless the insured has agreed to the earlier payment. In any event this provision was present in the mind of the Superior Court when the two cases first referred to were decided and did not change the result.
"Counsel for plaintiff also cites McMasters v. N.Y. L. I. Co., 183 U.S. 25. As we have said above this case was considered by the Superior Court in the opinion in McDonough v. Prudential Ins. Co., 85 Pa. Super. 63, and was differentiated from the case then at bar.
"Being of opinion that the two cases first cited are authority for the proposition that the policy in suit had lapsed, we are obliged to sustain the defendant's affidavit of defense of law. If plaintiff wishes to amend she may do so within fifteen days."
Judgment entered against plaintiff for failure to file amended statement of claim. Plaintiff appealed.
Error assigned, inter alia, was judgment, quoting record.
The judgment of the court below is affirmed upon the learned opinion of Judge FINLETTER.