## KURTH et al. v. NATIONAL LIFE & ACCIDENT INS. CO., Inc.

No. 9521.

Court of Civil Appeals of Texas. San Antonio.

Feb. 13, 1935.

Rehearing Denied March 6, 1935.

Carter & Carter, of San Antonio, for appellants.

G. Woodson Morris, of San Antonio, for appellee.

BICKETT, Chief Justice.

This is an appeal by Clara Kurth, individually and as next friend of Herbert Kurth and John Kurth, minors, and Eagle Furniture Stores, Inc., from a judgment of the district court denying to them any recovery, except the sum of $445 paid into the registry of the court, against the National Life & Accident Insurance Company, upon a policy of life insurance issued by it in the principal sum of $5,000 upon the life of John Henry Kurth, deceased.

The soundness of the defense, that the policy lapsed by reason of the nonpayment of the fourth annual premium within the grace period of thirty-one days after its due date, depends primarily upon whether the premium was due annually upon the day of the month specified in the policy or upon the anniversary of the date of the original delivery of the policy.

The policy was executed on December 14, 1928, payable to Eagle Furniture Stores, Inc., the employer of the assured. There was also an express assignment of the policy by the

assured to Eagle Furniture Stores, Inc. The policy showed on the outside in conspicuous words and figures: "Annual Premium $125.35 Due December 10th." The policy contained the following provisions:

"This Insurance is granted in consideration of the application herefor, a copy of which is hereto attached and made a part of this contract, and of the payment of premiums as follows: The First Premium of One Hundred Twenty-Five 35/100 Dollars on delivery of this policy, and

"Further Premiums of like amount due on the 10th day of December 1929 and every Twelve calendar months thereafter, during the life of the Insured.

"After delivery of this policy to the Insured during his lifetime and good health it becomes effective as of the 10th day of December 1928, which is the date of issue and the beginning of the first policy year hereunder. * * *

"A grace of thirty-one days, without interest charge, will be allowed for the payment of any premium after the first, during which time the insurance shall continue in force. If the Insured die within said period, the unpaid premium shall be deducted from the amount payable under this policy. * * *

"This Policy shall not take effect until the first premium hereon shall have been actually paid and the Policy actually delivered to the Insured during the lifetime and good health of the Insured."

The application, as well as the policy, showed that the policy was issued upon the age of the assured as forty-one years. The application, dated November 9, 1928, stated the date of his birth as June 11, 1887, and his age to nearest birthday as forty-one years. The policy on the front and cover pages showed his age as forty-one years and the premium as the amount mentioned, which was the premium for an assured of that age. And the policy contained a typewritten table of figures for cash or loan values and for paid-up insurance upon the basis of the assured's age being forty-one years.

The application contained the following provision: "I hereby agree on my own behalf and on behalf of any person who may have or claim any interest in my policy, issued pursuant to this proposal: (1) That the proposed contract shall not be effective until the policy has been issued, the first premium actually paid to and accepted by the Company or its authorized agent, and the policy has been delivered to and accepted by me, all during my lifetime and while I am in good health."

The jury found that the date of delivery of the policy to the assured was December 26, 1928, basing its answer to this one of the two issues submitted upon the evidence to the effect that the policy was delivered some time between Christmas Day and the end of the year.

The December, 1931, premium was not paid or tendered by any one within thirty-one days after December 10, 1931; nor was the policy thereafter reinstated. On January 20, 1932, Eagle Furniture Stores, Inc., mailed its check of that date for the amount of the premium to the insurance company. The insurance company, however, did not cash the check, but returned it to the sender with a letter dated February 12, 1932, explaining that the check was dated nine days after expiration of the grace period and that the reinstatement of the policy was declined. On February 13, 1932, the Eagle Furniture Stores, Inc., in response to that letter, made further inquiry as to whether the policy could be reinstated. The reply of the insurance company, dated February 17, 1932, was as follows: "Our records show this policy lapsed for nonpayment of premium due December 10, 1931. Application for reinstatement was sent us and after due consideration by our risk committee was declined. We will be glad to consider another application for reinstatement in this case after the lapse of a reasonable length of time, however, and, if possible to do so, will gladly restore the policy." No action was thereafter taken by any one with reference to reinstatement of the policy.

The assured died January 5, 1933.

The policy also contained the following provision: "After premiums have been paid hereon for three full years, in case of default in the payment of any premium or installment thereof at the expiration of period of grace, this policy will Automatically be commuted to Unconditional Non-Forfeitable Paid-Up Life Insurance of an amount computed according to the table of paid-up values in paragraph 14 hereof."

The table of paid-up insurance amounts showed that, after the payment of three annual premiums, the amount of unconditional nonforfeitable paid-up insurance under the policy would be $445.

■ A policy of life insurance, which provides that it shall not become effective until delivery thereof to the assured and that aft-

er delivery it shall become effective as of a certain earlier date, stipulated as the date of issue and the commencement of the first policy year, and that the subsequent annual premiums shall be paid on the corresponding date, specifically stated, of the next year and every twelve calendar months thereafter during the life of the assured, definitely fixes the annual premium due date as the day and month corresponding to those specified, irrespective of the date of delivery of the policy. The plain and unequivocal provision of this policy was that the second annual premium was due on December 10, 1929, and that the subsequent premiums were due, respectively, at the end of successive periods of twelve calendar months thereafter. No more appropriate language could have been used to express the idea that an annual premium was due on the tenth day of December of 1929, and of each year thereafter. Moreover, the assured received the benefit of the premium rate, the cash or loan values, and the paid-up insurance benefits applicable to the attained age of forty-one years by reason of the tenth day of December being fixed as the beginning of the first policy year and the due date of the annual premiums. The date of birth of the assured given on the application was June 11, 1887. One's age for life insurance purposes is reckoned as the age at the nearest birthday. Thus, the date of the tenth of December was obviously employed for the express purpose of advantage to the assured. But, aside from the particular reason, there is an imperative necessity for the specification of the premium due date and the marking of the policy year, as is well illustrated in this case. In the absence of definite proof as to the date of delivery of the policy, the jury, more or less arbitrarily, fixed a date within the limits suggested by the evidence. To fix such an indefinite standard of obligation as between insurer and assured would play havoc with the rights of both. Certainly, there is no excuse for importing so dangerous an element into the unambiguous contract here under consideration. Therefore, the fourth annual premium was due on December 10, 1931, and, by reason of the nonpayment thereof within thirty-one days from that date, the policy lapsed. Rolerson v. Standard Life Ins. Co. (Tex. Civ. App.) 244 S. W. 845; Sellars v. Continental Life Ins. Co. (C. C. A.) 30 F.(2d) 42; New York Life Ins. Co. v. Silverstein (C. C. A.) 53 F.(2d) 986; New York Life Insurance Co. v. Tolbert (C. C. A.) 55 F.(2d) 10; Kansas City Life Ins. Co. v. Harper, 90 Okl. 116, 214 P. 924; McCamp-

bell v. New York Life Ins. Co. (C. C. A.) 288 F. 465, writ of certiorari denied 262 U. S. 759, 43 S. Ct. 705, 67 L. Ed. 1219; Methvin v. Fidelity Mut. Life Assoc., 129 Cal. 251, 61 P. 1112; Mutual Life Ins. Co. v. Stegall, 1 Ga. App. 611, 58 S. E. 79; Prange v. International Life Ins. Co., 329 Mo. 651, 46 S.W.(2d) 523, 80 A. L. R. 950; Craig v. Golden Rule Life Ins. Co., 184 Ark. 48, 41 S.W.(2d) 769; Weller v. Manufacturer's Life Ins. Co., 256 Mich. 532, 240 N. W. 34; Ford v. Fidelity Mut. Life Ins. Co., 314 Pa. 54, 170 A. 270.

A life insurance policy, which contains a provision that, upon default in the payment of any premium after the payment of three annual premiums, the policy will automatically be commuted to paid-up life insurance in an amount shown by a table written in the policy, becomes, upon the happening of those conditions, a paid-up policy for the applicable amount shown in the table. The provision quoted above, as to the "unconditional non-forfeitable paid-up life insurance" is the only provision of the policy applicable to the facts of this case, in which three annual premiums were paid and then default was made in the payment of the fourth annual premium. And that provision was the sole measure of the rights of the insured and his beneficiaries under the policy. The cash loan, cash surrender, and extended insurance provisions required that, as to each of those matters, an option be exercised and action be taken during the life of the policy. No rights accrued under those provisions that would operate to keep the policy in force. The quoted provision was self-executing and, upon the occurrence of the facts shown by this record, definitely settled the rights and liabilities of the parties to the contract. From this it follows that the total liability of the insurance company under the policy was the sum of $445 which was paid into the registry of the court. Manhattan Life Ins. Co. v. Wilson Motor Co. (Tex. Civ. App.) 75 S.W.(2d) 721; Gilley v. Missouri State Life Ins. Co., 116 Tex. 43, 273 S. W. 825, 285 S. W. 807; Sugg v. Equitable Life Assurance Soc., 116 Tenn. 658, 94 S. W. 936; Michigan Mut. Life Ins. Co. v. Mayfield's Adm'r, 121 Ky. 839, 90 S. W. 607; Bumpus v. Life & Casualty Ins. Co., 167 Tenn. 412, 70 S.W.(2d) 30; Williams v. Union Central Life Ins. Co., 291 U. S. 170, 54 S. Ct. 348, 78 L. Ed. 711, 92 A. L. R. 693.

All of the assignments of error and the propositions thereunder are overruled.

The judgment of the district court is affirmed.