Stephenson, J.
 

 As this court views it, the insurance company has no standing whatever in this case. It undertakes to plead a violation of a clause of a provision of the application. This court is of the opinion that the facts in this case do not bring it within the provision of this clause, and if they did the beneficiary was entitled to a verdict in her favor for the full amount of the policy, according to the terms of the policy.
 

 The insurance company insists that the insured is charged with a complete knowledge of every provision contained in his application; that if, after he has been examined and made application for his policy, and before the delivery of the policy, he is obliged to have medical attention, upon the delivery of the policy he must refuse to accept it and must direct the company to cancel it.
 

 The provision in this application contains several clauses:
 

 First, immediately following the one complained of by the insurance company, we find the following language: “Provided, however, that if the applicant, at the time of making this application, pays the agent in cash the full amount of the first premium for the insurance applied for in Questions 2 and 3 and so declares in this application and receives from the agent a receipt therefor on the receipt form which is attached hereto, and if the company, after medical examination and investigation, shall be satisfied that the applicant
 
 *558
 
 was, at the time of making this application, insurable and entitled under the company’s rules and standards to the insurance, on the plan and for the amount applied for in Questions 2 and 3, at the company’s published premium rate corresponding to the applicant’s age, then said insurance shall take effect and be in force under and subject to the provisions of the policy applied for, from and after the time this application is made, whether the policy be delivered to and received by the applicant or not. ’ ’
 

 Second, “That a receipt on the form attached as a coupon to this application form is the only receipt the agent is authorized to give for any payment made before the delivery of the policy.”
 

 Third, “That only the president, a vice-president, a second vice-president, a secretary or the treasurer of the company can make, modify or discharge contracts, or waive any of the company’s rights or requirements
 
 ;
 
 that notice to or knowledge of the soliciting agent or the medical examiner is not notice to or knowledge of the company, and that neither one of them is authorized to accept risks or to pass upon insurability.”
 

 It will be seen that if the insured complies with the latter clauses of this provision in the application, the clause depended upon by the insurance company to defeat the beneficiary is entirely neutralized. The final clause of this policy reads as follows:
 

 “This policy takes effect as of the twelfth day of March, nineteen hundred and thirty which day is the anniversary of the policy.
 

 “In witness whereof the New York Life Insurance Company has caused this contract to be signed this twelfth day of March, nineteen hundred and thirty.”
 

 The above is signed by the president, secretary, and registrar, and immediately above these signatures, and the clause just quoted, we find that the contract is made in consideration of the application and the pay
 
 *559
 
 ment in advance of $56.38, the receipt of which is acknowledged on the 12th day of March, 1930.
 

 We are of opinion that it makes little or no difference when this policy was delivered, in view of these provisions. However, if delivery was necessary, according to the law as we view it and as announced by the Court of Appeals, the delivery of the policy was as a matter of fact made on March 15th. We are in complete accord with the law announced by the learned judge of the Court of Appeals, to the effect that “where the premium has been paid delivery may be effected by delivery to the agent, and delivery to the agent is accomplished by placing the policy in the mails, directed to him.”
 

 We find no error in this case, and the judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.