## CALIFORNIA STATE LIFE INS. CO. v. BAILEY.

No. 22714.   Jan. 28, 1936.

Rehearing Denied Feb. 25, 1936.

Nowlin, Spielman & Thomas, for plaintiff in error.

W. P. Morrison, A. L. Morrison, and John Morrison, for defendant in error.

GIBSON, J. The parties will be referred to herein as they appeared in the trial court, the plaintiff in error as defendant, and the defendant in error as plaintiff.

On December 14, 1928, Earl G. Bailey made written application to defendant for a life insurance policy. The policy was thereafter issued and antedated as of November 13, 1928, for $1,000, with double indemnity for accidental death. It was issued by defendant company on the 21st or 22nd of December, 1928, and delivered to the insured

January 10, 1929, at which time the premium for the first year was paid. No further premiums were paid. Bailey was injured January 10, 1930, and died as a result of said injury on the 15th day of January, 1930. Plaintiff, the beneficiary, brought this action in the district court of Canadian county to recover on said policy. From the verdict and judgment for plaintiff, the defendant has appealed.

The petition alleges that the policy was antedated without knowledge or consent of the insured, and "that said defendant company fraudulently and in violation of the laws of Oklahoma undertook to antedate said policy to the 13th day of November, 1928, making it appear that said contract had been entered into with said defendant some 30 days prior to the date of the application. * * *"

The answer was that the policy was antedated one month at the special instance and request of Bailey in order that he might take advantage of a lower premium rate in that by so doing he was insured as of the age of 44 instead of 45.

By express provision the policy and the application therefor were made to constitute the insurance contract, and plaintiff takes the position that since the application bore a later date than that of the policy, the premium payment date was either the 22nd of December, when the policy was issued, or the 10th day of January, when the policy was delivered.

No fraud was proved, and that question did not enter into the case. The trial court held the insurance contract was in force at the date of Bailey's death and submitted to the jury only the question of accidental death. This holding of the court, and its adverse rulings on defendant's demurrer to plaintiff's evidence, and motion for directed verdict are assigned here as errors.

The question presented here is, What was the contract between the parties as to the annual premium date? Except as to the 30 days' grace granted the insured for payment of premium, the only provisions contained in the written contract with reference to premium payment date are contained in the policy and are as follows:

"Non-Payment of Obligation.

"If any premium, or note or other obligation given for all or a part of any premium or other indebtedness hereon, shall not be paid on or before the date when due, this policy shall lapse and become null and void

and the company shall be released from all liability hereunder, except as hereinbefore provided.

"Premiums.

"The consideration for this contract is the application therefor, which is made a part hereof, the payment in advance of thirty-two and 37/100 dollars ($32.37) as the premium for term insurance for one year from the date hereof, and the further payment of a like amount on each succeding anniversary of the date hereof during the continuance of this policy. All premiums hereon after the first are payable in advance, either at the home office of the company or to an authorized agent, on delivery of a receipt signed by the president or secretary of the company, and countersigned by said agent.

"In witness whereof, the California State Life Insurance Company has caused this policy to be signed by its president and its secretary at Sacramento, California, this thirteenth day of November, 1928, which is the date of this policy."

In the absence of fraud or mutual mistake, the insured cannot claim ignorance of the contents of the insurance policy. Brown v. Connecticut Fire Ins. Co., 52 Okla. 392, 153 P. 173. Therein we held, as expressed in the first three paragraphs of the syllabus, as follows:

"1. In the absence of fraud or mistake, a party accepting a written contract without objection is bound by its recitals.

"2. The insured, in the absence of fraud or mistake, will not be heard to say that he was ignorant of the contents of the policy.

"3. A contract in writing, if its terms are free from doubt or ambiguity, must be permitted to speak for itself, and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts, and this principle is applicable to contracts of insurance."

Here no fraud is shown, no mutual mistake of fact alleged or proved, and we find no ambiguity in the contract as to premium payment date. The evidence, without contradiction, points to the fact that Bailey knew the policy was antedated, that he read the same and knew the contents thereof. The policy was the final expression of the parties as to the annual premium payment date. In this state a written contract may be altered by a contract in writing or by an executed oral agreement, and not otherwise. Section 9502, O. S. 1931. There is no claim of an executed oral agreement in the present case. In such instance the court may not interfere with the provisions of the

written contract in the absence of doubt and ambiguity as to their meaning, and will not disturb the express terms thereof in the absence of mutual mistake or fraud. None of these circumstances was present in the instant case. And the statutes of this state do not prohibit antedating a policy except that it may not be dated more than six months before the application therefor is made. Section 10525, O. S. 1931.

The plaintiff relies principally upon the case of McMaster v. New York Life Ins. Co., 183 U. S. 25, 46 L. Ed. 64. In that case it was shown that fraud was practiced upon the insured in antedating the policy of insurance. The case is not in point.

The plain provisions of the written contract in the instant case show the policy had lapsed prior to the death of the insured.

In view of the foregoing, we are of the opinion that the trial court erred in its holding that the insurance contract bore date other than that expressed in the policy, and that error was committed in overruling defendant's motion for directed verdict.

The judgment is reversed and the cause remanded, with directions to enter judgment for defendant.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.