### HOLBROOK v. SOUTHLAND LIFE INS. CO.

#### No. 10816.

Court of Civil Appeals of Texas. Galveston.
May 25, 1939.

Allen, Helm & Jacobs and A. C. Buckner, all of Houston, for appellant.

Sidney Benbow, of Houston, and Lewis T. Carpenter and Malone, Lipscomb, White & Seay, all of Dallas, for appellee.

GRAVES, Justice.

The controlling question involved here is whether or not the policy of insurance on her deceased husband's life—sued upon below by the appellant against the appellee—was in force when he died on October 24, 1935.

This statement of the nature, result, and reaches of the cause both below and here, after immaterial interlineations, has been in substance taken from the appellee's brief as giving a sufficient picture of the controversy as presented for decision on the appeal:

"On July 9, 1934, Archie P. Holbrook, husband of appellant, applied to appellee through H. M. MacGregor, one of its soliciting agents at Houston, for a $10,000.00 policy of insurance upon the endowment-at-age-65 plan on his life. The application contained, amongst others, the following provisions:

"'I Wish the policy to be dated at issue', and

"'I hereby agree * * * that the policy * * * issued in consequence hereof, shall constitute the entire contract of insurance and the Company shall not be bound in any way by any promise or statement made by or to any agent, or other person, unless such promise, statement or information be reduced in writing and submitted to the Company and made a part of this contract * * *.'

"The application was accepted and the policy was issued, but, upon tendering it for delivery, it was declined, appellant stating that the premium cost was more than she and her husband could conveniently afford.

"A new application dated August 22, 1934, for a $5,000 policy was then signed by Mr. Holbrook. The individual questions in the application blank were not answered in detail, but across the face of the blank were written the words, 'See Policy No. 170494' (which was the policy just previously declined by appellant).

"A new policy for $5,000 was issued and sent to the agent for delivery. The policy stipulated its effective date as follows:

"'In witness whereof, the Southland Life Insurance Company has caused this policy to be issued as of the 22nd day of August, 1934, the date on which it becomes effective and from which loan and surrender values will be computed.'

"The policy also contained adequate provisions, forbidding its alteration or amendment except by written instrument signed by one of the therein named executive officers of the insurer.

"Mr. MacGregor, the soliciting agent, testified that he presented this new policy to Mr. Holbrook at his place of business on Friday afternoon, September 7, 1934, and that Mr. Holbrook told him to take it to his wife (appellant) for her approval. This the agent did. Mrs. Holbrook accepted the policy and signed a receipt therefor dated September 7, 1934. This and the agent's receipt for the policy were mailed back to the insurer's office on the next day (Saturday, September 8, 1934), and by dated receiving stamps placed thereon, were shown to have been received at the insurer's home office on Monday, September 10, 1934. * * * The next morning Holbrook executed a series of notes, all dated September 8, 1934, the first for $59.10, and ten for $20.00 each; the first maturing September 29, 1934, the next October 8, 1934, and one thereafter on the 8th day of each succeeding month until they were all paid. * * *

"MacGregor was transferred to San Antonio as District Manager early in October of 1934. * * * There is no evidence in the record as to what his powers and duties in San Antonio were. * * * At the time of his dealings with appellant, he was a mere soliciting agent, with powers limited generally to soliciting applications, delivering policies, and collecting first year's premiums thereon.

"Mrs. Holbrook paid the first year's premium on the policy by her check for $59.00 (ten cents short), delivered to the insurer's general agent in Houston at her home on November 1 of 1934. The re-

maining ten notes for $20.00 each have never been paid.

"Mrs. Holbrook and a Mrs. Hearford, a roomer at her house, both fixed the date of delivery of the policy as of November 1, 1934. Mrs. Holbrook did not attempt an explanation as to why the first year's premium notes were all dated September 8, 1934, and why two of them were already past due on the date she claims the policy was delivered.

"The insured, Mr. Holbrook, was born on March 18, 1890. On August 22, 1934, the date of the policy, he was entitled to insurance at a premium based on his age of 44 years. The policy was written on that basis. After September 18, 1934, he would have to pay premiums based on age 45 (since he then would be 45 at his nearest birthday). Therefore, if this policy was not effective until November 1, 1934, as contended by appellant, it was written for a premium less than that required for insurance at the insured's then-attained age. The second year's premium was never paid.

"The insured died on October 24, 1935.

"The trial court concluded, as a matter of law, that the fact-issue created by the testimony as to the date of delivery of the policy was immaterial; that the terms of the policy above quoted fixed its effective date; that since the second premium had not been paid—as a matter of fact, approximately four-fifths of the first premium was still really unpaid, except by unsatisfied promissory notes—and that, since the insured died more than a month after the policy had lapsed for nonpayment of the second year's premium, no recovery could be had. A verdict was instructed for the insurer."

■ As appellant contends, and the appellee concedes, this Court—under well-settled authority—since the adverse verdict was an instructed one, must find from appellant's evidence that the policy was actually delivered on November 1 of 1934, rather than on September 7 of 1934, as claimed by the appellee; it follows, that if in consequence of that fact alone the insurance became effective on that same date—November 1 of 1934—then it was in force when the insured died on October 24 of 1935; if, on the other hand, it had already become effective on August 22 of 1934—the date of effectiveness expressed on the policy's face—then it lapsed finally

on September 22 of 1935—the end of the grace period after the maturity of the two premiums.

Appellant's able counsel, with much persuasiveness, argues that the delivery date of the policy she so effectively fixed for the purposes of this appeal as being November 1 of 1934, governed, as a matter of law; but in any event, if its having been actually delivered on that date did not so fix the beginning of its effectiveness, then that her pleadings and proof at least raised issues of fact over whether she had contracted with the appellee to have the insurance begin on that date; further, that, by the terms of the policy itself, the first year's insurance thereunder was "term-insurance" for one full year, beginning on the actual date of delivery, which was the given date of November 1 of 1934; finally, and alternatively, if the terms of the policy itself and such fixing of the delivery date as of November 1 of 1934, did not have the effect so contended for, then "the policy being contradictory and ambiguous in its terms, parol evidence was admissible to show it was the intent of the parties to the contract that the insurance should date from the time of actual delivery, hence it was error to take said issue from the jury."

■ In the opinion of this court, the learned trial court was correct; it is thought none of the authorities relied upon by the appellant for any of her contrary contentions have to do with a life-insurance policy containing provisions on its face so fixing its effective date, as is the situation here; indeed, no case holding in consonance with her views upon the legal equivalent of the same state of facts has been presented here; on the contrary, both in Texas and her sister states quite generally—inclusive of the Federal jurisdictions—the apparently uniform holding, with reference to a policy like this, has been in accord with the trial court's holding, including its rejection of appellant's insistence for one full year of "term-insurance" anyway from the delivery date.

■ She has cited many cases, several from Texas, especially in fire-insurance rather than life-insurance litigations, which directly hold that, in the absence of some contractual provision in the policy itself definitely fixing its effective date, the date of delivery will govern; but, as indicated, where the policy does contain just such a provision fixing the date, as the

quoted one h re, the rule for delivery date has no application, the so-stipulated one controlling instead.

Since the name of such holdings is legion, only citations thereof rather than extended discussion of them will be made.

Among the Texas cases are these: Kurth v. National Life, Tex.Civ.App., 79 S.W.2d 338, writ refused; Rolerson v. Standard Life, Tex.Civ.App., 244 S.W. 845; Jefferson Standard Life Ins. Co. v. Myers, Tex.Com.App., 284 S.W. 216; Jefferson Standard Life Ins. Co. v. Baker, Tex.Civ.App., 260 S.W. 223.

Great Southern Life v. Alcorn, Tex.Civ. App., 80 S.W.2d 429, upon which appellant relies for a contrary purport, is not thought to be so classed, for the reason that the policy there did not by its own terms fix its effective date—that is, there was the absence in that instance of a conflicting policy provision which is present in the policy at bar.

A collation of the stated holdings elsewhere, supporting this judgment, may be noted as follows: Johnson v. Metropolitan, Mont., 83 P.2d 922; Travelers Ins. Co. v. Wolfe, 6 Cir., 78 F.2d 78; American National Ins. Co. v. Hammett, 26 Ala. App. 552, 163 So. 461; New York Life Ins. v. Clutts, 125 Ohio St. 555, 182 N.E. 500; New York Life v. Tolbert, 10 Cir., 55 F.2d 10, certiorari denied by Supreme Court of United States, 285 U.S. 551, 52 S.Ct. 407, 76 L.Ed. 941; New York Life Ins. Co. v. Silverstein, 8 Cir., 53 F.2d 986; Whitney v. Union Central, 8 Cir., 47 F.2d 861; Mutual Life Ins. Co. v. Hurni, 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A. L.R. 102; Martin v. New York Life, 30 N.M. 400, 234 P. 673, 40 A.L.R. 406; Rushing v. Manhattan Life, 8 Cir., 224 F. 74; Mercer v. South Atlantic, 111 Va. 699, 69 S.E. 961; Badgett v. Oklahoma Life, 176 Okl. 86, 54 P.2d 1059; California State Life Ins. Co. v. Bailey, 176 Okl. 153, 54 P.2d 647; Timmer v. New York Life, 222 Iowa 1193, 270 N.W. 421, 111 A.L.R. 1412; Wilkinson v. Commonwealth, Ins. Co., 176 Ky. 833, 197 S.W. 557, 6 A.L.R. 769, 774, 32 A.L.R. 1254, and 80 A.L.R. 958.

Under this policy and the cited authorities as applicable thereto, the two holdings considered determinative of the merits of this appeal may be thus restated:

(1) Since this policy of life-insurance by its own terms plainly, unambiguously, and without trenching upon any law or public policy, fixes its effective date, it became effective and in force from that date (August 22 of 1934), rather than from the date of its actual delivery (November 1 of 1934), the latter date having thus become immaterial to this controversy;

(2) The declared-upon verbal agreement by the appellant with MacGregor, the appellee's soliciting agent at the inception of the contract, to the purport that this insurance would not go into effect until November 1 of 1934—the actual date the policy was shown to have been delivered—did not bind the appellee, because of the express and necessarily implied provisions in the policy itself to the contrary; this, pursuant to the statute on this subject, R.S. Article 5063, and these decisions: American National Ins. Co. v. Huey, Tex. Com.App., 66 S.W.2d 690; Beaty v. Southland Life, Tex.Civ.App., 28 S.W.2d 895; Rio Grande Nat. Life Ins. Co. v. Bandy, Tex.Civ.App., 110 S.W.2d 122; Willis v. Texas Prudential, Tex.Civ.App., 101 S.W. 2d 857, writ refused.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.