Glenn O. WYNN, Plaintiff in Error,

v.

STANDARD LIFE & ACCIDENT INSURANCE COMPANY OF OKLAHOMA CITY, Oklahoma, Defendant in Error.

No. 41878.

Supreme Court of Oklahoma.

June 2, 1970.

Palmer, Shepherd, Maner & Armstrong, by Thomas L. Palmer, Tulsa, for plaintiff in error.

Boone, Ellison & Smith, by L. K. Smith, Tulsa, for defendant in error.

HOLLEMAN, Special Justice:

The sole and controlling issue to be decided in this case is the effective date that the Plaintiff became covered by an insurance certificate issued pursuant to a group policy written by the Defendant (insurance company). In 1955, Plaintiff's employer and Defendant entered into a contract whereby employees of the employer, the Department of Public Welfare of the State of Oklahoma, were to be insured and entitled to be paid certain benefits under the terms of the group policy. The master group policy provided that the premiums should be paid by the employer on the first day of each month and further provided for the coverage of all then presently employed and as to new employees employed after the effective date of the group policy, provided that application had to be made by each new employee for the coverage and that coverage and insurance would be effective the first day of the month following the acceptance of the application by the insurance company.

Plaintiff was employed May 4, 1964. He made application for coverage on that date. His application was received by the insurance company on May 8th and thereafter on or about May 19th a Certificate of Coverage was issued to Plaintiff. The Certificate of Coverage provided in part as follows: that the employee (Plaintiff) became eligible for benefits subject to the terms of the group health and accident policy issued to the employer (the Department of Public Welfare), on the effective date indicated. The effective date was stated as June 1, 1964. The Certificate of Coverage expressly provided as follows:

"Provided on the effective date shown above (June 1, 1964) he is then regularly performing the duties of his occupation; otherwise the effective date shall be the date of his return to active duty."

Both Plaintiff and Defendant filed motions for summary judgment and Plaintiff stated in his motion:

" * * * that admissions and affidavits, together with the true admitted facts show that there is no substantial controversy as to any material fact * * *."

The trial judge overruled Plaintiff's motion for summary judgment but sustained the motion of Defendant and entered judgment for Defendant.

Many decisions have been cited by both Plaintiff and Defendant in their excellent concise briefs. The decisions cited by Plaintiff are not applicable to the undisputed facts in this case. Plaintiff principally relies on the case of Kentucky Home Mutual Life Insurance Company v. Marshall, 291 Ky. 120, 163 S.W.2d 45 (1942), that involved a group policy which stated that new employees would be covered upon approval of their applications by the insuror. However, the insuror issued a certificate of coverage to the employee dating coverage from the ninth day of the month following approval of his application. This subsequent date was in violation of the provisions of the master group policy and the Court so held in entering judgment for loss sustained by the insured subsequent to the approval of his application but before the erroneous date in the certificate.

In the present case there is no conflict between the master group policy and the Certificate of Coverage as to effective date. The master group policy provides that coverage shall commence the first day of the month following acceptance of the application by the insurance company. The application having been made in the month of May, 1964, and accepted in that month by the insurance company and in strict compliance with the master group

policy the Certificate provides coverage effective the first day of the month following acceptance which was the first day of June, 1964.

There was no evidence as to any mistake as to the dates, or fraud, or that the Certificate of Coverage issued to Plaintiff was dated other than as provided in the master group policy. On the contrary, the provisions of the master group policy were strictly followed in issuing the certificate to be effective June 1, 1964. Any other date would have been contrary to the provisions of the master group policy as was held in the Marshall case, supra.

Plaintiff contends that because the Department of Public Welfare deducted premiums from his pay on May 15, 1964, (which were subsequently remitted to the Defendant) that that date should control over the date of June 1, 1964, provided for in the master group policy and in the certificate. There is no provision in any of the documents that could be construed to make the date of payroll deduction the effective date of coverage. Plaintiff also contends that if said May 15, 1964, the date the insurance company delivered the certificate to Plaintiff, should be the effective date for the same reason, such contention is likewise not tenable.

There was no ambiguity as to any provision or date in the master group policy or in the Certificate of Coverage and no equitable reason for reforming the certificate as to its date, thus the trial court was correct in entering summary judgment for the Defendant since there was no controversy as to the facts and the inferences capable of being drawn therefrom.

The Certificate of Coverage issued by the insurance company expressly provides for the effective date of June 1, provided that Plaintiff was on said date regularly performing the duties of his occupation. Plaintiff took seriously ill on May 31, 1964, one day before the effective date and was not, on the effective date, regularly performing his occupation and therefore he was not entitled to recover.

The judgment below is affirmed.

IRWIN, C. J., and DAVISON, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.

BERRY, V. C. J., concurring specially.

McINERNEY, J., having certified his disqualification in this case, the Honorable WILBUR J. HOLLEMAN, Tulsa, Oklahoma, was appointed Special Justice in his stead.

BERRY, Vice Chief Justice (specially concurring) :

I concur specially because the petition alleges no facts in support of plaintiff's plea for policy reformation on grounds of mutual mistake and because estoppel theory is inapplicable in view of plaintiff's failure to deny in the reply the allegation in the insurer's answer that the full amount of premiums deducted from plaintiff's pay was refunded to and accepted by the plaintiff. California State Life Ins. Co. v. Bailey, 176 Okl. 153, 54 P.2d 647, 649; Great Am. Res. Ins. Co. of Dallas v. Strain, Okl., 377 P.2d 583.

I am of the view that had the plaintiff proceeded on the theory of waiver or estoppel instead of reformation and based his right of action on premature deduction of premiums coupled with acceptance of coverage far in advance of the date at which plaintiff became eligible therefor under the terms of the master policy, the procedural framework of the case would have precluded a summary judgment.

In my opinion, public policy dictates that an insurer who collects premium far in advance of the effective date of the coverage he affords misleads the insured into believing that he is protected. The insurer who follows such practice should be deemed estopped from denying coverage as of the time premium is accepted. The insurer should leave no doubt as to what coverage the prepayment of a premium includes.